THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CORNELIUS BENTLEY, Appellant.

First Department, October 29, 1963.

Gerald Zuckerman for appellant.

Alan Frederick Leibowitz of counsel (H. Richard Uviller with him on the brief; Frank S. Hogan, District Attorney), for respondent.

Per Curiam. Defendant appeals from a verdict and conviction of robbery in the second degree (Penal Law, § 2126). He asserts

error in the court's refusal to charge the jury on the lesser included crime of assault in the second degree (Penal Law, § 242).

Defendant was indicted for second degree robbery, first degree grand larceny, and second degree assault. The testimony showed that defendant followed the complaining witness into an apartment building. The complaining witness testified that defendant assaulted him there and that during and after the assault the defendant extracted paper money, coins and a wrist watch from the complaining witness' pockets. Defendant was apprehended before leaving the apartment building, but was not searched until later at the police station house. The wrist watch was found on the floor of the elevator, but no paper money was ever discovered. However, there had been opportunity for defendant to dispose of the items if he took them.

The trial court submitted to the jury only the second degree robbery count, with no exception being taken by defendant. However, the jury returned to the courtroom and asked for a definition of second degree robbery. It also inquired: " [i]s assault with intent to rob sufficient, or must it be proved that what was taken was actually found on the defendant?" The court defined robbery in the second degree and answered " No " to the inquiry. Thereupon, defense counsel requested the court to charge the jury on the law of second degree assault. The application was denied and an exception was taken. Defendant's motion at sentencing to set aside the verdict, in part based on the court's refusal, was denied.

The trial court was apparently of the view that the evidence indicated defendant had disposed of the stolen items before he was searched. However, this view could have been rejected by the jury. It might have rationally believed that part of the complaining witness' testimony concerning the assault but disbelieved, for various reasons, that part concerning the successful taking of the items. For example, the jury could conclude that the complaining witness honestly erred during the excitement and anguish of the violent attack.

Thus, even though there was strong evidence of guilt, it was error to refuse to charge on the lesser included crime of second degree assault since " there is some basis in the evidence for finding the accused innocent of the higher crime, and yet guilty of the lower one " (*People* v. *Mussenden,* 308 N. Y. 558, 563). To the same effect, see *People* v. *Munoz* (11 A D 2d 79, affd. 9 N Y 2d 638). The request to charge was timely since the jury had not yet returned a verdict (Code Crim. Pro., § 420-a; *People* v. *Elliott,* 10 A D 2d 735).

Accordingly, the judgment of conviction of the crime of robbery in the second degree should be reversed, on the law alone, the findings of fact having been affirmed, and a new trial ordered.

BOTEIN, P. J., BREITEL, McNALLY, STEVENS and BASTOW, JJ., concur.

Judgment of conviction unanimously reversed upon the law alone, the findings of fact having been affirmed, and a new trial ordered.