## (January 13, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY R. ROBERTS, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 26, 1980, upon a verdict convicting defendant of the crime of assault in the second degree. Defendant, an inmate at the Elmira Correctional Facility, was involved in an altercation with a correction officer while being escorted from the special housing unit to the package room. As a result, defendant was indicted and convicted of assault in the second degree (Penal Law, § 120.05, subd 3), and was sentenced to a consecutive term of 3½ to 7 years. This appeal ensued. Defendant contends that the court erred in failing to charge self-defense (see *People v Collesides*, 79 AD2d 1063). We disagree. Defendant submitted proposed written jury instructions stating he "merely acted to protect himself from anticipated injury". In its charge, the court referred to defendant's contention that the officer pushed him against the wall and had made prior threats against him. Although given

ample opportunity, defendant neither requested a more specific charge on self-defense, nor made exception to the court's statements. Instead, defendant's sole exception was limited to that aspect of the charge pertaining to whether the officer was performing a lawful duty. Only at a posttrial motion for a mistrial did defendant challenge the court's failure to give a more specific charge on self-defense. In our view, defendant's failure to make timely exception constitutes a waiver, foreclosing review of the issue (*People v Amazon,* 52 AD2d 1012, 1013). Moreover, the court properly instructed the jury on the burden of proof and requisite elements of the offense. By pointing out defendant's contention of self-defense, the court clearly presented that question of fact to the jury. Taking the charge in its entirety, we are not persuaded that defendant was deprived of a fair trial requiring us to invoke our right to reverse as a matter of discretion in the interest of justice (CPL 470.15, subd 6, par [a]; *People v Robinson,* 36 NY2d 224, 228-229). In addition, having failed to request the court to submit the lesser included offense of attempted assault, no error may be asserted (CPL 300.50, subd 2). Next, the evidence was legally sufficient to support the conviction. To commit assault in the second degree under subdivision 3 of section 120.05, it is necessary that the defendant intended to prevent a peace officer from performing a lawful duty (*People v Robinson,* 71 AD2d 779, 780). Officer Field testified that defendant struck him during a "pat frisk" and had to be wrestled to the floor, causing Field to sustain a neck injury, dizziness, blurred vision and a headache. Defendant testified he merely acted in self-defense against Field's unprovoked attack. This conflict in testimony presented questions of fact and credibility which the jury implicitly resolved against defendant (*People v Moore,* 47 AD2d 980). Having struck the officer during the performance of his duty, defendant was properly convicted of assault in the second degree (*People v Wheeler,* 36 AD2d 549). Defendant's remaining contentions are similarly without merit. A declaration of a mistrial after the verdict is unauthorized (CPL 280.10, subd 1; *People v Collins,* 72 AD2d 431, 436) and, in any event, the bases asserted for mistrial — that defendant was precluded from presenting a defense of self-defense and that the court's charge as to "lawful duty" was overbroad — are clearly without merit. Defendant's contention that the officer's actions were racially motivated was implicitly rejected by the jury verdict. Finally, in view of the fact that defendant was a second violent felony offender, having previously been convicted of murder, second degree, in 1978, we cannot say the court abused its discretion by imposing a sentence within the statutory limits (Penal Law, § 70.04, subd 3, par [c]; subd 4; *People v Dittmar,* 41 AD2d 788). Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.