■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD GREEN, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered April 22, 1982, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree. Defendant, an inmate at Elmira Correctional Facility, was charged with first degree promoting prison contraband based upon an incident in which correction officers discovered him brandishing a homemade knife. Defendant essentially admitted this at the trial, but offered evidence in an attempt to justify such conduct. The uncontradicted testimony indicated that one particular inmate had on several occasions made homosexual advances toward defendant. These advances were refused by defendant. Defendant and an eyewitness testified that, on June 23, 1981, the inmate who had made advances toward defendant threatened to kill him. Defendant and the witness moved to another area of the facility. The other inmate followed defendant and again threatened to kill him. The testimony indicates that the inmate then produced a homemade knife and swung it at defendant. Defendant's companions tackled the

attacker and knocked the knife to the ground. Defendant picked up the knife and started swinging it wildly. It was at this time that the correction officers came upon the scene. After he was twice warned by the officers, defendant relinquished the knife. The officers testified that they had no knowledge of the events leading up to their observations of defendant in possession of the knife. Based upon this set of facts, defendant was convicted of promoting prison contraband in the first degree. Defendant has appealed from the judgment of conviction. A person is guilty of promoting prison contraband in the first degree, when, "Being a person confined in a detention facility, he knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (Penal Law, § 205.25, subd 2). A knife fits within the definition of dangerous contraband (see Penal Law, § 205.00, subd 4). Defendant admits that he was in possession of the knife. His contention is that the trial court erred in denying his request to submit to the jury a charge of justification. Section 35.05 of the Penal Law provides in pertinent part: "Unless otherwise limited by the ensuing provisions of this article defining justifiable use of physical force, conduct which would otherwise constitute an offense is justifiable and not criminal when: * * * 2. Such conduct is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue." Defendant testified that, while the attacker was tackled, he was not pinned down. Moreover, the knife which the attacker dropped was still within his reach. Defendant testified that he feared the attacker would reacquire the knife and, therefore, he picked it up. He also testified that, upon picking up the knife, he panicked and began swinging the knife. The evidence also indicated that the attacker was not alone when he accosted defendant but was accompanied by a number of other inmates. The People offered no proof to dispute defendant's testimony. Where a claim of justification is presented, a crucial fact at issue is the state of mind of the defendant (*People v Miller*, 39 NY2d 543, 551). Here, if defendant's testimony is accepted, a prima facie defense of justification is clearly presented. Defendant claimed that he feared for his life and took possession of the knife to prevent his attacker from reacquiring it and continuing the attack. The People offered no evidence to dispute this. It must be kept in mind in this regard that justification is a defense (Penal Law, § 35.00) which must be disproved by the People beyond a reasonable doubt (Penal Law, § 25.00, subd 1) and not an affirmative defense which must be proven by the defendant by a preponderance of evidence (Penal Law, § 25.00, subd 2). The People argue that defendant's conduct in picking up and swinging the knife was not reasonable under the circumstances. That issue is not determinative of whether the justification charge should have been submitted to the jury, but is relevant to the jury's resolution of whether the defense was established. We conclude that the failure to charge the jury on the defense of justification constituted reversible error. Reversal on the above-discussed ground renders consideration of the other issues raised by defendant unnecessary. Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.