■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CRAFT, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered March 25, 1983, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and attempted assault in the second degree. ¶ On November 1, 1983, a correction officer at the Elmira Correctional Facility, while making a spot check of cell air vents from a catwalk behind the inmates' cells, discovered a shank, a 13-inch metal rod of approximately ⅝-inch thickness, in an air vent leading exclusively to defendant's cell. He and a second officer proceeded to defendant's

cell and searched for other contraband in the latter's presence, finding nothing. During that investigation, defendant became agitated and complained of stomach sickness. Because defendant repeatedly refused to remain seated on a stool placed outside his cell for that purpose, an officer proceeded to escort him to the special housing unit. En route, an altercation involving defendant and several correction officers occurred. Defendant claims, and his testimony is supported by that of another inmate, that he was merely defending himself and that a correction officer started the incident by throwing defendant against a wall. The officer, on the other hand, stated that defendant struck first and that he and the officers involved retaliated only to the extent necessary to subdue defendant. ¶ Following his conviction, defendant, a second felony offender, was given concurrent sentences of one and one-half to three years' imprisonment for attempted assault in the second degree and three and one-half to seven years' imprisonment for promoting prison contraband in the first degree. This appeal by defendant ensued. ¶ Although neither requested prior to the trial court's charge nor excepted to thereafter, defendant maintains, and in the interest of justice we agree, that with respect to the attempted assault charge the jury should have been instructed on the defense of justification. Viewing the record most favorably to the accused, as we must when the adequacy of the charge is the issue (*People v Padgett,* 60 NY2d 142), there is substantial evidence supportive of this defense. Accordingly, the jury should have been charged on the elements of justification as a defense. Indeed, had defendant requested such a charge, the court would have been obligated to give it (*People v Watts,* 57 NY2d 299, 301; *People v Green,* 98 AD2d 908). Since the only judicial guidance provided on this issue consisted of the trial court's comment that "defendant contends that he did not attempt to strike [the] correction officer * * * that the correction officer * * * hit him first against the wall and that he was not aware of the shank in his cell or how it got there", this could hardly have alerted even the most perspicacious jury to defendant's contention that he was acting in self-defense against an unprovoked attack. In short, despite defendant's failure to request a justification charge, the evidence warranted such a charge (*People v Zurita,* 76 AD2d 871; *People v May,* 55 AD2d 739; 1 CJI [NY], PL 35.00, p 841) and hence a reversal and a new trial on the assault charge is necessary. ¶ *People v Roberts* (91 AD2d 1099), relied upon by the dissenters, is in our view distinguishable. There the charge adequately instructed the jury as to the defendant's contention of self-defense and the prosecution's burden of disproving it beyond a reasonable doubt. In *Roberts,* the trial court charged subdivision 5 of section 137 of the Correction Law, which prohibits correction officers from subjecting inmates to degrading treatment or inflicting blows. In addition, the trial court in *Roberts,* after informing the jury that as one of the six elements of the assault which the defendant was charged with committing it must have been shown that he intended to prevent the correction officer from performing a lawful duty, went on to remind the jury of the defendant's claim that the correction officer "pushed [defendant] against the wall and had made prior threats against him" and that his acts were not "intended to prevent [the correction officer] from performing a lawful duty" and, therefore, that the prosecution had failed to prove him guilty beyond a reasonable doubt. ¶ Defendant's contention in the instant case that the People failed to prove beyond a reasonable doubt that he knowingly possessed dangerous contraband is not at all convincing. Although some of the proof suggests it was possible that another could have placed the shank in defendant's air vent, this proposition was presented to and rejected by the jury. There being a conviction, we must assume that the jury credited the People's proof (*People v Bracey,* 41 NY2d 296, 302). As for the sentence, we find it neither harsh nor excessive. ¶ Judgment modified, as a matter of discretion in

the interest of justice, by reversing defendant's conviction of attempted assault in the second degree and remitting the matter of County Court of Chemung County for a new trial on that count of the indictment, and, as so modified, affirmed. Main, Yesawich, Jr., and Harvey, JJ., concur.

Kane, J. P., and Mikoll, J., dissent in part and concur in part in the following memorandum by Mikoll, J. Mikoll, J. (dissenting in part and concurring in part). There is no reasonable view of the evidence that would support a charge to the jury that defendant's use of physical force was justified (Penal Law, § 35.15). To the contrary, the use of physical force under the circumstances presented is specifically authorized by statute (Penal Law, § 35.10, subd 2). Moreover, in the absence of any request to so charge, or any exception to the charge as given, which in our view was sufficient to alert the jury to defendant's claim of self-defense, the issue is not preserved for review on this appeal. Furthermore, this court recently unanimously affirmed a conviction in a case barely distinguishable factually from the matter at hand (People v Roberts, 91 AD2d 1099), and we do not perceive any reason to reverse the conviction for attempted assault in the second degree in the interest of justice. ¶ The judgment should be affirmed.