■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEOFFREY WILLIAMS, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered April 12, 1984, convicting him of assault in the second degree (two counts), and assault in the third degree, after a nonjury trial, and imposing sentence.

Judgment affirmed, and case remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

Although there was conflicting testimony as to how the subject incident occurred, these conflicts presented questions of fact and credibility which, it must be presumed, the court, as trier of fact, resolved against the defendant (*see, e.g., People v Kennedy,* 47 NY2d 196; *People v Gruttola,* 43 NY2d 116; *People v Roberts,* 91 AD2d 1099). Viewed in the light most favorable to the prosecution, the evidence established that one Janet Labriola came to the door of 30 West Street in Central Nyack and asked to speak to police officers Joseph Clark and James Martz who were questioning the defendant outside about his report of a stolen truck. When the officers walked toward Labriola, who was holding a bloody rag to her mouth and was bent over as though in pain, the defendant positioned himself between them and the complainant, told them to leave, and, as they continued on up the stairs of the front stoop, pushed Officer Clark and then hit him in the chest with his fists. When the defendant tried to strike him again, Clark hit him with his nightstick. During the ensuing struggle, the defendant pushed both officers off of the stoop and all three

men fell to the ground. As a result, Officer Clark, who landed on his back, sustained a sprain to the lower back, multiple contusions in the back area and right arm, and a small laceration of the right forearm. The examining physician at the hospital where Clark was treated testified that he prescribed two days of bed rest for the sprain and that Clark's complaints of substantial pain were consistent with his findings and diagnosis. Officer Martz, who landed on his right shoulder, experienced "a lot" of pain in his right shoulder and a numbing or tingling sensation which radiated from his armpit down to his hand. He was diagnosed as suffering from a brachial plexus contusion or damage to a nerve root which, the examining physician testified, resulted in reduced arm function. The physician prescribed an analgesic to reduce the swelling in his arm and Martz missed two days of work as a result of the incident.

Whether the element of physical injury necessary to sustain a conviction of assault in the second degree has been proven is generally a question for the trier of fact (*see, Matter of Philip A.,* 49 NY2d 198; *Matter of Ramon M.,* 109 AD2d 882; *People v Coward,* 100 AD2d 628; Penal Law § 10.00 [9]; § 120.05 [3]). We are satisfied that the evidence of the police officers' injuries which was adduced in the case at bar was sufficient to meet that level where the determination of the trier of fact should not be disturbed (*see, Matter of Ramon M., supra; People v Coward, supra; People v Chesebro,* 94 AD2d 897). Moreover, there was ample evidence demonstrating that the defendant was the initial aggressor and that he, therefore, was not entitled to avail himself of the defense of self-defense since there was no indication that he withdrew from the encounter and communicated his withdrawal to the officers (*see,* Penal Law § 35.15; *People v Filippelli,* 173 NY 509; *People v Graydon,* 43 AD2d 842). Finally, the evidence was sufficient to establish beyond a reasonable doubt that the defendant intended to prevent the police officers from performing their lawful duty of assisting an injured citizen when he blocked the officers' path and used physical force to stop them from reaching Labriola. Mangano, J. P., Bracken, Rubin and Kunzeman, JJ., concur.