■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL M. VASQUEZ, Appellant.—Kane, J. Appeal from a judgment of the Supreme Court at Trial Term (Crew, III, J.), rendered February 14, 1984 in Chemung County, upon a verdict convicting defendant of the crime of assault in the second degree.

This appeal arises from defendant's conviction of the crime of assault in the second degree with respect to an incident which occurred while defendant was confined at Elmira Correctional Facility. The record reveals that on August 21, 1983, one Tod Murphy, a correction officer at said facility, was kicked by defendant in the face and had a tooth broken while breaking up a fight between defendant and fellow inmate, Jose Rivera.

According to the testimony of Murphy, he approached defendant and Rivera and shouted at them to break up their fight. When this failed to terminate the encounter, Murphy proceeded to grab Rivera from behind and pulled him down to the floor. Murphy landed on top of Rivera. Rivera stopped fighting and, allegedly, at this point, defendant looked at both Murphy and Rivera and, thereafter, kicked Murphy in the face, knocking out some of his teeth.

Defendant's version of this incident is somewhat different. Defendant stated that although he was fighting with Rivera, he was only doing so in defense of himself. Defendant alleged

that as Rivera was fighting with him, defendant started backing up. As Murphy began to pull Rivera to the ground, defendant testified that he threw a kick at Rivera in self-defense. The purpose of this kick was allegedly to prevent Rivera from striking defendant and was not intended to harm Murphy.

Correction Officer Richard J. Reagan also testified concerning his observation of this incident. Reagan observed defendant kick Murphy in the face. Further, Reagan was approximately 10 to 15 feet away from Murphy at the time. Reagan also stated that as Murphy grabbed Rivera, the momentum of this encounter drove these two men down and, additionally, that defendant threw his kick at about the time Murphy and Rivera went down. Specifically, Reagan seemed to indicate that Murphy was kicked as Rivera was being tackled to the floor.

William F. Driscoll, Senior Investigator of the State Bureau of Criminal Investigation, also testified for the People. Driscoll, who interviewed defendant the day following this incident, stated that defendant told him that he wanted to kick Rivera because Rivera had allegedly obtained the better of the fight between the two. Further, defendant indicated to Driscoll that his kick missed Rivera and hit Murphy.

Defendant was indicted for the crime of assault in the second degree (see, Penal Law § 120.05 [7]). At the end of defendant's case, defendant requested a charge of assault in the third degree pursuant to Penal Law § 120.00 (2) as a lesser included offense of the crime charged in the indictment. Defendant's request was denied as the trial court determined that there was no reasonable view of the evidence to warrant the lesser included offense charge.

There was, however, an instruction provided by the trial court with respect to the issue of justification (Penal Law § 35.15 [1]). The original charge on justification essentially consisted of a summary of the applicable statute as applied to the facts in the case. The trial court did not specifically charge that the burden of disproving the defense of justification was on the People. Defendant did not initially except to the justification charge as given.

During deliberation, the jury requested clarification concerning the applicability of self-defense (i.e., justification) with respect to the instant case. The trial court proceeded to give a more detailed instruction pertaining to justification. The jury then retired to deliberate further; however, at this time

defendant objected to the justification charge inasmuch as it did not indicate that the burden of proof was upon the People to disprove said defense. The trial court informed defendant that his exception was untimely so as not to warrant the charge desired by defendant. The jury thereafter returned with a verdict convicting defendant of assault in the second degree. This appeal ensued.

Initially, defendant argues that reversible error occurred when the trial court failed to specifically couple its clarifying instruction with respect to justification with a charge that the People have the burden of disproving the defense of justification. The People contend that defendant waived this alleged error by failing to timely object to the initial justification charge.

CPL 470.05 (2) provides in relevant part that: "For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction *or at any subsequent time when the court had an opportunity of effectively changing the same*" (emphasis supplied). Since, at the time defendant's request was made, the trial court could have alleviated the alleged error, defendant's protest was timely (CPL 470.05 [2]; *see also, People v Bentley,* 19 AD2d 368, 369; *People v Elliott,* 10 AD2d 735).

Turning to the merits of defendant's contention, we conclude that the trial court committed error in failing to specifically instruct that the People had the burden to disprove defendant's justification defense *(see,* Penal Law § 25.00 [1]; *see also, People v Victor,* 62 NY2d 374, 378; *People v Green,* 98 AD2d 908, 909; *People v Moran,* 84 AD2d 753; 1 CJI [NY], PL 35.00, at 840-843; PL 35.15 [1], at 857-865). Moreover, under the circumstances of this case, we cannot accept the People's contention that such error was harmless.

Having reached the above result, we need not address defendant's remaining contention. However, since the issue may well arise on retrial, we note that the trial court correctly found that a reasonable view of the evidence did not warrant a charge of assault in the third degree (Penal Law § 120.00 [2]) as a lesser included offense of assault in the second degree (Penal Law § 120.05 [7]). The judgment must be reversed and a new trial conducted.

Judgment reversed, on the law, and matter remitted to the Supreme Court at Trial Term for a new trial. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.