◾ In the Matter of CALVIN TRUDO, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review a

determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain disciplinary rules.

Petitioner was served with a written misbehavior report charging him with making or possessing a weapon; altering, tampering with or attempting to repair an electrical device; creating a fire, health or safety hazard by improperly storing flammable materials; and making a threat. These charges were made after correction officers searched the bathhouse storage area as the result of a confidential informant's claim that an incendiary device was present in the area. In a locker used by petitioner, the officers found a light bulb, with a hole drilled in its base, and two pieces of solder. In a nearby unlocked storage closet the officers found a container with gasoline in it, and a search of petitioner's cell revealed a soap bottle with a liquid in it. Petitioner initially admitted at the Superintendent's hearing that the lock found on the locker at the time of the search belonged to him, but he thereafter claimed that it was not his lock. At petitioner's request, the liquid in the soap bottle discovered in his cell was tested and found to be nonflammable liquid soap. The hearing officer concluded that petitioner had in his possession the makings of a bomb and found him guilty of possessing a weapon, altering an electrical device and improperly storing a flammable liquid.

Although there is sufficient evidence in the record to support the finding that petitioner had control over the locker where the light bulb and solder were found, the determination that petitioner possessed a weapon and improperly stored a flammable liquid cannot be sustained. Respondents concede that petitioner did not improperly store a flammable liquid. The liquid soap found in his cell was not flammable, and the container of gasoline was found in an unlocked storage area separate and apart from petitioner's locker. Since petitioner did not possess a flammable liquid, it follows that he did not possess all the makings of a bomb, even assuming, as did the hearing officer, that the light bulb, solder and flammable liquid could be combined to make a bomb. We have considered and found no merit in petitioner's claim that the hearing officer erred in denying petitioner's request that a certain witness testify. The determination should be modified in accordance with our conclusions herein.

Determination modified, without costs, by annulling so much thereof as found petitioner guilty of possessing a weapon and improperly storing a flammable liquid and im-

posed certain penalties; matter remitted to respondents for reimposition of a penalty for the charge of altering or tampering with an electrical device; and, as so modified, confirmed. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.