■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WANDELL, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered June 2, 1986, upon a verdict convicting defendant of the crimes of assault in the second degree and promoting prison contraband in the first degree.

Defendant's conviction of the two crimes for which he was indicted on January 16, 1986 stemmed from an altercation that occurred on December 22, 1985 at Elmira Correctional Facility where defendant was confined on other charges. Shortly after 9:00 A.M. on that day, defendant, who was then in special detention for disciplinary reasons, was being escorted by Correction Officer John Wood to the exercise yard for his hour of exercise. Prison procedure requires a "pat frisk" for each prisoner removed from a cell before being taken to the exercise yard. Inmates must place their hands on the wall outside their cell and be patted down, from the top of their heads to the bottoms of their feet, by the officer in charge. When defendant left his cell he had a brown envelope with him, which was impermissible. The envelope was set on the bars of his cell and defendant was informed that he could pick it up when he returned from recreation. Thereupon, defendant turned to Officer Wood and stated that if the officer "pat frisked" him defendant was "going to turn on him". This threat was repeated as defendant and Officer Wood headed for the recreation door. When defendant swung at Officer Wood, the officer grabbed defendant in a bear hug and a struggle began. Another officer came to the aid of Officer Wood and all three continued to struggle until all fell down to the ground, with Officer Wood landing on a mop pail. As a consequence, Officer Wood claimed severe pain in his left side, three broken

ribs and one cracked rib, resulting in 64 days lost from duty. William Spenser, another correctional employee, testified that at about 9:25 A.M. on that day, as part of a general cell inspection, a search of defendant's cell revealed a "shank" (a sharpened metal spike attached to a plastic toothbrush handle) hidden in a pillow of defendant's bunk. This item was the basis of the second count of defendant's indictment. Following trial, defendant was convicted as charged and sentenced to concurrent prison terms of 3½ to 7 years.

On this appeal, defendant argues first that the trial proof was legally insufficient to establish that defendant caused physical injury to Officer Wood. It is clear, however, that defendant's aggressive acts initiated the scuffle that resulted in the injuries about which Officer Wood testified, and that defendant was therefore a sufficiently direct cause of those injuries (see, People v Williams, 112 AD2d 176; People v Roberts, 91 AD2d 1099). Penal Law § 120.05 (3) requires physical injury to be inflicted on an officer with intent to prevent such officer from performing a lawful duty. These elements were all sufficiently established as a basis for the jury's verdict of guilty on the first count of the indictment. We find defendant's further claim that there was legally insufficient proof of physical injury to Officer Wood to be untenable. The jury had the opportunity to assess the credibility of Officer Wood as to the injuries he sustained and the incapacitation caused him (see, People v Williams, supra).

We have examined defendants other contentions and find them meritless. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.