(July 14, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNI NOLASCO, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered December 6, 1985, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Following an altercation with another inmate in the prison yard at Elmira Correctional Facility in Chemung County, defendant was observed dropping an object to the ground by a correction officer standing some 5 to 10 yards away. The officer later testified at defendant's trial that he proceeded immediately to the scene, never removing his eyes from the object on the ground and picked it up. It was a homemade weapon known as a "shank", consisting of a razor blade melted into a toothbrush.

It is defendant's contention that he never possessed such a weapon, and he so testified at trial. However, the jury rejected his testimony and accepted that of the correction officer, which is their exclusive province in passing upon issues of credibility (see, People v Joyiens, 39 NY2d 197, 203). Accordingly, since the evidence presented must be viewed in the light most favorable to the People (People v Bracey, 41 NY2d 296, 302), defendant's challenge to this credibility determination must fail.

We also reject defendant's contentions that it was error to admit into evidence the rule book providing standards for inmates' behavior on the ground that at the time he received a copy of the rules, they were not filed with the Secretary of State and thus were of no force and effect at the time of this prosecution, and that Penal Law § 205.00 (3) is unconstitutional (see, People v Anderson, 127 AD2d 885). Accordingly, the judgment of conviction must be affirmed.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.