■ In the Matter of Louis Siders, Petitioner, v Eugene S. LeFevre, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Weiss, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with violating disciplinary rule 113.10 (7 NYCRR 270.1 [b] [14] [ii]), which prohibits inmates from making, possessing, selling or exchanging any item of contraband that may be classified as a weapon by description, use or appearance. A second charge premised on rule 104.11 ("Inmates shall not engage in any violent conduct or conduct involving the threat of violence" [7 NYCRR 270.1 (b) (5) (ii)]) was dismissed by the Hearing Officer. In his misbehavior report, Correction Sergeant R. J. Foster stated that he observed Correction Officer L. Maloney pick up the mattress on petitioner's bed, at which time he, Maloney and a third correction officer, R. Miner, all observed a weapon later identified as a "shank" between the mattress and a blanket laying on the bed frame. Maloney and Miner both signed the misbehavior report. At the Tier III Superintendent's hearing, the misbehavior report was read into the record and both Maloney and Miner testified. Petitioner participated in the hearing. He conceded the presence of the weapon in his bed but denied any knowledge of possession, contending that it could have been placed by another inmate as an act of revenge. Petitioner was found guilty of the first charge and punishment imposed. This CPLR article 78 proceeding was commenced to annul the administrative determination on the ground that it was not supported by substantial evidence.

Petitioner's principal argument is that the search was initiated upon an anonymous tip. Petitioner contends that this tip

was the only evidence of his ownership or possession of the weapon and that, absent an independent assessment of its reliability, the charge was unsubstantiated. We disagree. Petitioner has misperceived the issue involved. Charges were not imposed upon receipt of the tip; rather, it was only after the weapon was found in petitioner's bed that the misbehavior report was made. The determination of guilt was made based upon the testimony of two officers who found the weapon. The cases of *Matter of Alvarado v LeFevre* (111 AD2d 475), *Matter of Trudo v LeFevre* (122 AD2d 319), *Matter of Wanton v Coughlin* (117 AD2d 376) and *Matter of Wynter v Jones* (135 AD2d 1032), all relied upon by petitioner, are inapposite. Unlike the instant case, those cases involved instances where disciplinary charges were based upon tips or information from inmates whose reliability was never assessed or confirmed. Here, possession was established on the direct observation of three correction officers. Petitioner's assertion that he did not know the weapon was concealed in his bed simply presented an issue of credibility for respondents to resolve. Moreover, even if petitioner directed his challenge against the propriety of the search as based upon unsubstantiated information, the argument would ultimately fail *(see, Hudson v Palmer,* 468 US 517 [prison inmates not entitled to 4th Amendment protection against unreasonable searches and seizures in individual cells]).

In sum, the misbehavior report which contained an eyewitness description and the photo of the weapon found constitute substantial evidence to support the determination of guilty *(see, People ex rel. Vega v Smith,* 66 NY2d 130; *Matter of Torres v Scully,* 127 AD2d 837; *Matter of Felder v Jones,* 111 AD2d 472).

Determination confirmed, and petition dismissed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.