■ In the Matter of RICKY CALDWELL, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with a violation of rule 113.10, possessing a weapon, and was found guilty after a hearing. Following unsuccessful administrative review, petitioner brought this CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (g), seeking to annul the determination. The sole contention raised in the proceeding is that the administrative determination was not supported by substantial evidence in the record.

The evidence presented at the hearing was that petitioner was away from his cell block from February 25 to February 27, 1988 in connection with the "family reunion" program. A search of petitioner's cell on February 26, 1988 disclosed a 14¾-inch-long shank secreted in a narrow gap between the cell's locking system and door, a location accessible from inside or outside the cell. Petitioner testified, claiming that the weapon was not his.

In our view, the determination was supported by substantial evidence and should be confirmed. The correction officer's testimony as to the presence of the weapon in an area immediately accessible to petitioner's cell was sufficient to support the administrative determination (see, Matter of Siders v LeFevre, 145 AD2d 874; People v Craft, 101 AD2d 984, 985; Matter of Pike v Coughlin, 78 AD2d 937). Petitioner's claim of innocence simply raised an issue of credibility which was for respondents to resolve (see, Matter of Siders v LeFevre, supra, at 875; Matter of Toro v Coughlin, 143 AD2d 489). Finally, Matter of Sanchez v Coughlin (132 AD2d 896) and Matter of Trudo v LeFevre (122 AD2d 319), relied upon by petitioner, do not compel a contrary result. In each of those cases, the determination was annulled because of a lack of evidence of possession of the contraband or control over the area in which it was found. Here, petitioner did have substantial control over the area where the shank was found, even though his access was not exclusive (see, People v Craft, supra; Matter of Pike v Coughlin, supra).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.