■ In the Matter of Marcos Hernandez, Petitioner, v E. S. LeFevre, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating various prison disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with violating prison disciplinary rules prohibiting gambling (7 NYCRR 270.1 [b] [21]), possession of contraband (7 NYCRR 270.1 [b] [14] [xiii]) and possession of a weapon (7 NYCRR 270.1 [b] [14] [ii]). A misbehavior report dated October 22, 1986 authored by a correction officer stated that while packing petitioner's personal belongings in his cell on that date, he "found 1 gambling (betting) slip written in Spanish * * * 1 martil [sic] arts slip with a list of punches, kicks etc. * * * on it, and 1 plastic sharpened rod with handle". The cell search occurred while petitioner was at the hospital for treatment of his leg fractured during football practice the previous day. The items described were found underneath a blanket folded at the foot of the bed. Following a Tier III Superintendent's hearing at which the misbehavior report and a photograph of the weapon were admitted in evidence, and both the correction officer who authored the misbehavior report and petitioner testified, petitioner was found not guilty of the gambling charge because of insufficient evidence, but guilty of possession of a weapon and possession of contraband charges. Petitioner denied knowledge of or control over the items, contending they could have been placed in his cell by unknown persons during his absence. This CPLR article 78 proceeding was commenced to annul the

determination on the grounds that it was not supported by substantial evidence and was obtained in violation of petitioner's due process rights.

Substantial evidence " 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " *(People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *300 Grammatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). A misbehavior report authored by an eyewitness with direct knowledge of the information, and which contains a description of the event and a photograph of a weapon, has been held sufficient to constitute substantial evidence *(Matter of Siders v LeFevre,* 145 AD2d 874; *see, People ex rel. Vega v Smith, supra,* at 140; *Matter of Felder v Jones,* 111 AD2d 472). Petitioner's reliance upon *Matter of Sanchez v Coughlin* (132 AD2d 896) and *Matter of Trudo v LeFevre* (122 AD2d 319) is misplaced. In those factually distinguishable cases, this court refused to hold inmates responsible for contraband found in locations outside their control, absent any evidence linking the petitioners with the contraband. However, when, as in this case, contraband is found within a petitioner's cell, a "virtually irresistible inference of inmate impropriety" can arise *(Matter of Sanchez v Coughlin, supra,* at 898; *see, Matter of Medina v Coughlin,* 132 AD2d 982, *lv denied* 70 NY2d 711; *Matter of Torres v Scully,* 127 AD2d 837).

Petitioner's contention that he never possessed the weapon could be rejected by the Hearing Officer and the testimony of the correction officer accepted. It is within the exclusive province of the Hearing Officer to pass upon issues of credibility *(People v Nolasco,* 142 AD2d 785).

Finally, we find without merit petitioner's contention that his due process rights were violated.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.