■ In the Matter of RONALD INMAN, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Hanofee, J.), entered December 13, 1988 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

On May 19, 1988 petitioner, an inmate at Sullivan Correc-

tional Facility in Sullivan County, was observed leaving the inmate's bathroom in the visiting room area accompanied by his wife. The pair were allegedly alone in the bathroom together for approximately five minutes despite the fact that the bathroom was clearly marked for use by the inmates, not visitors. As a result of this incident, a misbehavior report charging petitioner with abusing privileges (rule 180.21) was filed. Following a Tier III Superintendent's hearing, petitioner was found guilty and petitioner's contact visitation privileges were suspended for 60 days. This determination was affirmed upon administrative appeal and petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal by petitioner followed.

There must be an affirmance. Despite petitioner's contentions otherwise, we conclude that the suspension of petitioner's contact visitation privileges does not violate petitioner's due process rights. The record establishes that petitioner received the full array of procedural due process rights before the disciplinary determination on the abusing privileges charge was rendered. Petitioner apparently confuses his disciplinary hearing with a separate proceeding brought pursuant to 7 NYCRR part 200 against his wife relating to her contact visitation privileges. Pursuant to that proceeding, his wife was ultimately found to have engaged in unacceptable physical conduct with petitioner and was given a warning. The record reveals that both petitioner and his wife were given notice of this latter disposition and an opportunity to be heard (see, 7 NYCRR 200.5), which, under the circumstances, was all that could be required. Additionally, we note that since the determination against petitioner's wife and the disciplinary proceeding brought against petitioner were clearly separate proceedings, one of which was not directed against petitioner, there is no merit to petitioner's contention that his Tier III hearing violated the Double Jeopardy Clauses of the Federal and State Constitutions. Nor do we find that the denial of petitioner's contact privileges was cruel or unusual punishment (see, Rhodes v Chapman, 452 US 337). Since the determination finding petitioner guilty of abusing privileges is supported by substantial evidence (see, Matter of Hernandez v LeFevre, 150 AD2d 954; Matter of Diaz v Coughlin, 145 AD2d 872), there is no reason to disturb it.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.