■ In the Matter of THOMAS PEARSALL, Petitioner, v THOMAS COUGHLIN, III, as Commissioner of Corrections, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

A misbehavior report by itself can constitute substantial evidence to support a determination of guilt in a prison disciplinary matter *(see, Matter of Curl v Kelly,* 125 AD2d 948). Here, the report contains a detailed eyewitness account of the shank found in petitioner's possession and sets forth the time, date and place as well as the circumstances leading to its discovery; it was therefore sufficiently relevant and probative to support the finding that petitioner possessed an instrument that could be classified as a weapon *(see, supra).* Petitioner's contentions to the contrary merely raised questions of credibility within the exclusive province of the Hearing Officer to resolve *(see, Matter of Hernandez v LeFevre,* 150 AD2d 954, *lv denied* 74 NY2d 615). With respect to the claim that he was denied his right to call a certain witness, even if that issue

was properly preserved for our review, the record reveals that petitioner replied affirmatively when asked whether he was willing to accept the testimony of another witness in place of the witness he originally requested *(see, Matter of Huggins v Coughlin,* 155 AD2d 844, *affd on mem below* 76 NY2d 904). As to petitioner's remaining contentions, they have been considered and rejected as either unpreserved for review or lacking in merit *(see, Matter of Bates v Coughlin,* 145 AD2d 854, *lv denied* 74 NY2d 602).

Mercure, J. P., Crew III, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.