■ In the Matter of RAHEEM A. SHAKUR, Petitioner, v

THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Although petitioner was found guilty of violating several disciplinary rules, he challenges only the finding of guilt with respect to the weapons charge. That charge was based on a misbehavior report by a correction officer who witnessed the incident and also viewed a videotape taken of the incident and a photograph showing petitioner with what the correction officer believed was a rock or lock in a sock in his right hand and a homemade shank in his sweatshirt pocket. This correction officer's testimony at the hearing confirmed the misbehavior report and both the videotape and the photo were made part of the record. The videotape was also viewed by the Hearing Officer. Contrary to petitioner's suggestion, this evidence fully supported the determination. Substantial evidence is such proof as a reasonable mind may accept as adequate to support the conclusion or ultimate fact *(Matter of Burgos v Coughlin,* 108 AD2d 194, *lv denied* 66 NY2d 603). Petitioner's contention that he was not carrying any weapons simply presented a question of credibility for the Hearing Officer to resolve *(see, Matter of Hernandez v LeFevre,* 150 AD2d 954, *lv denied* 74 NY2d 615).

Mikoll, J. P., Yesawich Jr., Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.