■ In the Matter of JOSEPH PETILLO, Petitioner, v THOMAS COUGHLIN, III, as Commissioner of Correctional Services, et

al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

We reject petitioner's argument that the determination that he violated prison rule 114.10 prohibiting smuggling was not supported by substantial evidence. Petitioner admitted exchanging footwear with a visitor in the visiting area. The misbehavior report states that petitioner also admitted to the author of the report that the shoes had previously been denied petitioner through the package room. From these facts the Hearing Officer could reasonably infer that petitioner intended to smuggle the exchanged footwear into the facility *(cf., Matter of Hernandez v LeFevre,* 150 AD2d 954, *lv denied* 74 NY2d 615). Petitioner's claim of innocence merely raised an issue of credibility for the Hearing Officer to resolve *(see, Matter of Caldwell v Coughlin,* 148 AD2d 905). Finally, we agree with respondents that the administrative dismissal of one of the two smuggling charges originally brought against petitioner does not require remittal for administrative reconsideration of the penalty imposed because petitioner has already served his sentence in the special housing unit and there was no recommended loss of good time *(see, Matter of Tumminia v Coughlin,* 175 AD2d 383, 385).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.