Rose, J.
Initially, we will review defendant’s contention that the verdict is against the weight of the evidence by viewing the evidence in a neutral light and “weighting] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn,” as well as giving *1368 great deference to the jury’s credibility determinations (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Valentin, 95 AD3d 1373, 1374 [2012], lv denied 19 NY3d 1002 [2012]). Although the victim’s credibility was called into question and defendant’s friends testified that she was the aggressor, we cannot say that the jury failed to give her testimony and the medical evidence the weight it should be accorded (see People v Clark, 51 AD3d 1050,1052 [2008], lv denied 10 NY3d 957 [2008]; People v Terk, 24 AD3d 1038, 1040 [2005]).*
We agree, however, that a new trial is required because County Court failed to instruct the jury on justification. During deliberations, the jury requested the definition of self-defense and asked whether defendant had a right to defend himself. Defense counsel then requested the justification charge, but County Court declined on the ground that the issue should have been raised earlier to give the People an opportunity to respond to it. Although counsel did not request the charge earlier, the issue is nevertheless properly preserved. County Court could have alleviated the omission and given the charge when it was requested by the jury, even though deliberations were then under way (see CPL 470.05 [2]; People v Lewis, 116 AD2d 16, 18-19 [1986]; People v Vasquez, 114 AD2d 589, 590-591 [1985]; People v Craft, 101 AD2d 984, 985 [1984]; see also People v Khan, 68 NY2d 921, 922 [1986]). Furthermore, once the defense of justification was placed in issue by the evidence presented at trial, it was the People’s burden to disprove it (see Penal Law §§ 25.00, 35.00; People v McManus, 67 NY2d 541, 546-547 [1986]; People v Steele, 26 NY2d 526, 528-529 [1970]).
Although the People argue that justification is not available here because defendant was the initial aggressor, defendant’s friends testified that he was backing away from the victim when she attacked him, punching him and ripping his shirt, and then acting as if she was the one being attacked by purposefully falling to the ground and crying out for help. When the evidence is considered in the light most favorable to defendant, there is a reasonable view that “might lead the jury to decide that the defendant’s actions were justified” (People v Curry, 85 AD3d 1209, 1211 [2011], lv denied 17 NY3d 815 [2011]; see People v Padgett, 60 NY2d 142, 144-145 [1983]; People v Dillon, 53 AD3d 692, 692-693 [2008], lv denied 11 NY3d 831 [2008]). Accordingly, County Court should have instructed the jury on justification and, once the request was made, it was required to do so.
*1369 Mercure, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial on count 1 of the indictment.

 We note that the surveillance video of the incident entered into evidence is equivocal, as the view of the interaction between defendant and the victim is partially obstructed.