People v Ilagorre (2018 NY Slip Op 08032)





People v Ilagorre


2018 NY Slip Op 08032


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2013-06430
 (Ind. No. 7278/11)

[*1]The People of the State of New York, respondent,
v
Johnny Ilagorre, appellant.


Martin Geoffrey Goldberg, Franklin Square, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Adolfsen of counsel; Masha Simonova on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (James P. Sullivan, J.), rendered May 16, 2013, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction of robbery in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Carncross, 14 NY3d 319, 324-325; People v Seignious, 114 AD3d 883, 883-884). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt (see People v Gordon, 23 NY3d 643). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's denial of the defendant's request for a justification charge concerning his use of physical force during the altercation between the complainant and the codefendant (see Penal Law § 35.15[1]). Viewing the evidence in the light most favorable to the defendant (see People v McManus, 67 NY2d 541, 549), no reasonable view of the evidence supported a finding that the complainant, rather than the defendant and the codefendant, was the "initial aggressor" (Penal Law § 35.15[1][b]; see People v Watts, 57 NY2d 299, 301; People v Giddens, 163 AD3d 990, 990-991; People v Cotsifas, 100 AD3d 1015; People v Williams, 112 AD2d 176, 177).
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court