■ In the Matter of JUAN ALVARADO, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Walsh, Jr., J.), entered May 9, 1984 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility, was charged with violation of several institutional rules. Six inmates had authorized the prison's finance office to disburse their personal funds to a New York City address in care of a "Record Shop". The shop was found to be nonexistent and the address was actually the home of petitioner's wife. The theory behind the charges was that petitioner was involved in an inmate conspiracy to smuggle illicit drugs into the facility. Prison officials believed that six inmates, under the guise of ordering musical recordings, were actually sending payment to the home address of petitioner's wife for drugs already received at the facility.

A hearing was held and the evidence presented against petitioner consisted of six disbursement forms signed by other inmates that authorized payment to the "Record Shop" at the address of petitioner's wife. The case against petitioner was based primarily on information given by three inmates. These three inmate informants did not testify at the hearing, and nowhere in the in camera material contained in the record are they even named. A correction officer related the information given by the unnamed inmates. No witness actually testified in petitioner's presence.

Following the very brief proceeding, the hearing officer determined that petitioner was guilty of each violation and the penalty imposed for each one of the six incidents included 60

days of special housing, to run consecutively. The Commissioner of Correctional Services modified the Superintendent's proceeding disposition by dismissing the findings that petitioner was guilty of possession or exchange of narcotics. Petitioner commenced the instant CPLR article 78 proceeding and Special Term dismissed the petition, holding that the Commissioner's determination was rational and supported by substantial evidence. This appeal by petitioner ensued.

Although not directly raised by petitioner, it is fundamental to our review that the record contain substantial evidence to support the Commissioner's determination. We find a total lack of any reliable evidence in this record which would connect petitioner to the theory of events underlying the Commissioner's determination.

The correction officer's relaying of the inmate informants' accusations was hearsay. Although admissible at this nonjudicial proceeding (*see, Matter of Burgos v Coughlin,* 108 AD2d 194), it does not in this case constitute substantial evidence to support the determination. We can perceive no reason in this case why the hearing officer could not have personally interviewed the inmate informants in camera rather than rely on the third-party assessment of their credibility by the correction officer (*see, Matter of Nurse v Coughlin,* 121 Misc 2d 238, 242; *cf. Matter of Mallard v Dalsheim,* 97 AD2d 545, 546; *Matter of Lugo v Gaines,* 83 AD2d 542, 542-543).

Here, the determination adopted by the Commissioner is based on evidence which, in effect, does no more than render petitioner guilty by association. The evidence presented at the hearing is, at best, speculative. This is not permissible, and where the evidence relied on is insufficient in the eyes of the law, it is no evidence at all (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181).

Judgment reversed, on the law, with costs, determination annulled, and respondents are directed to expunge all references to this proceeding from petitioner's files and to restore any good time taken from petitioner as a result thereof. Mahoney, P. J., Kane, Casey, Mikoll and Harvey, JJ., concur.