■ In the Matter of JOSE HARRIS, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Appellants.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Connor, J.), entered January 16, 1985 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule and to expunge all references thereto from petitioner's files.

On February 11, 1984, several inmates of Eastern Correctional Facility in Ulster County attempted to escape. The attempt was aborted when one of the inmates fell and was injured. On February 18, 1984, petitioner was served with charges alleging that he had participated in the escape attempt, a violation of facility rule 108.10 (attempted escape).

Following a hearing, petitioner was found guilty of the charges. The punishment imposed was 420 days in the special housing unit with concomitant loss of commissary privileges. Respondent Commissioner of Correctional Services affirmed the hearing officer's disposition and petitioner commenced the instant CPLR article 78 proceeding alleging, inter alia, a violation of his due process rights. Special Term held that petitioner's due process rights had been violated because the hearing officer relied on the hearsay statements of confidential inmate informants without making an independent assessment of their credibility. The determination of guilt was ordered annulled and all references thereto were ordered expunged from petitioner's records. Respondents appeal.

While an inmate subject to a prison disciplinary proceeding is not entitled to the full constitutional protection accorded a defendant in a criminal proceeding, he is entitled to basic due process protection (Matter of Jones v Smith, 64 NY2d 1003, 1005; see, Wolff v McDonnell, 418 US 539). An inmate charged with a violation of prison rules is entitled to a hearing and any finding of misbehavior must be supported by substantial

evidence contained in the hearing record *(Matter of Burgos v Coughlin,* 108 AD2d 194, 196-197).

In reaching his decision that petitioner was guilty of attempting to escape from the facility, the hearing officer relied on information provided by inmate informants. That information was relayed to him in the form of a typed transcript summarizing interviews with the informants conducted by the Superintendent of the facility. Although it was hearsay evidence, it was admissible in an administrative proceeding *(Matter of Burgos v Coughlin, supra,* p 197). However, in order to be probative of the issue of petitioner's guilt, the record must contain facts which establish some indicia of reliability for the hearsay *(supra)*.

In *Matter of Alvarado v LeFevre* (111 AD2d 475, 476), we rejected the use of hearsay accusations of confidential inmate informants, which were relayed to the hearing officer by a correction officer, where the record revealed that the hearing officer had no basis for a determination of the informants' credibility. By contrast, the instant case contains material in the record which enabled the hearing officer to assess the credibility of the informants. The transcript of the interviews conducted by the Superintendent with the inmate who was a key eyewitness to the attempted escape sets forth corroborative information. The Superintendent repeatedly, and at different time intervals, questioned that inmate witness and found no discrepancies in his statements. The instant record therefore contains material of probative value in contrast to the situation presented in *Alvarado (see, Matter of Burgos v Coughlin, supra,* p 197; *Matter of Fediuk v Coughlin,* 106 AD2d 834, 835; *Matter of Boyd v Coughlin,* 105 AD2d 532, 533).

Petitioner also alleged a deprivation of due process rights by the hearing officer's decision to interview only 6 of the 37 inmate witnesses who had signed an alibi statement. After six of the inmate witnesses had been called and testified to the alibi, the hearing officer asked petitioner whether he was satisfied and petitioner replied in the affirmative. Thus, petitioner waived his right to call the remaining witnesses *(see,* 7 NYCRR 254.5; *Matter of Guzman v Coughlin,* 90 AD2d 666). At the close of the hearing and also in the disposition form, the hearing officer set forth the evidence relied upon in reaching his determination of guilt. The record contains substantial evidence to support the finding that petitioner was guilty of an attempt to escape *(see, Matter of Geddes v Wilmot,*

111 AD2d 474; *Matter of Burgos v Coughlin, supra,* pp 196-197; *Matter of Fediuk v Coughlin, supra).*

We have considered the remaining issues and found them to be without merit.

Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed. Kane, Mikoll, Levine and Harvey, JJ., concur.

Mahoney, P. J., dissents and votes to affirm in the following memorandum. Mahoney, P. J. (dissenting). The determination of respondent Commissioner of Correctional Services, based as it was on a written report of the Superintendent of the facility summarizing the statements of confidential informants, was not supported by substantial evidence and was properly annulled by Special Term.

The use of confidential informants to provide evidence in Superintendent's proceedings is permissible so long as certain procedures are followed *(see, Matter of Boyd v Coughlin,* 105 AD2d 532, 533; *Matter of Guzman v Coughlin,* 90 AD2d 666). Further, hearsay evidence is admissible in these proceedings *(Matter of Burgos v Coughlin,* 108 AD2d 194, 196). However, these circumstances affect the probative value of the evidence. Here, the Superintendent did not witness the incident he was reporting, nor did the hearing officer interview the confidential informants. Thus, the hearing officer was relying on a third-party assessment of the credibility of the informants and the evidence had little probative worth *(see, Matter of Alvarado v LeFevre,* 111 AD2d 475, 476; *Matter of Burgos v Coughlin, supra,* pp 200-201).

In my view, the Commissioner's determination was not supported by substantial evidence. The judgment of Special Term should be affirmed.