In the Matter of DAVID WANTON, Petitioner, v THOMAS COUGH-LIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.

Third Department, June 5, 1986

---

**APPEARANCES OF COUNSEL**

*David Wanton,* petitioner *pro se.*

*Robert Abrams, Attorney-General (Denise A. Hartman* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

Petitioner's arguments are limited to claims that he was denied due process by the manner in which the Superintendent's proceeding was conducted, but fundamental to our review is the requirement that the record contain substantial evidence to support the determination of respondent Commissioner of Correctional Services *(see, Matter of Alvarado v LeFevre,* 111 AD2d 475, 476). We find such evidence lacking and, therefore, annul the determination.

The record contains a misbehavior report prepared and signed by Sergeant Charles Ripley, who arrived at the scene after the alleged assault had occurred. Ripley clearly had no firsthand knowledge of the facts and circumstances, for he stated in his report that "[a]ll this evidence was concluded by me, Sgt. Ripley, from an investigation". The report contains a reference to an event observed by Correction Officer C. La Croix, but La Croix did not sign or initial the report; nor did he testify at the hearing. In *People ex rel. Vega v Smith* (66 NY2d 130, 139-140), the court held that misbehavior reports can form sufficient bases to support prison disciplinary determinations, but each of the reports in *Vega* contained a detailed description of an incident which the author claimed to have witnessed and was indorsed or initialed by one or more other correction officers. The report herein falls far short of those in *Vega* in terms of relevance and probative value.

The record also contains an interdepartmental communication, labeled confidential, in which Ripley reported the results of his interview with a witness who incriminated petitioner. As in *Matter of Alvarado v LeFevre (supra),* we see no reason why the hearing officer could not have personally interviewed the witness in camera rather than rely on the third-party

assessment by Ripley, whose report is itself hearsay *(cf. Matter of Hickman v Coughlin,* 115 AD2d 105).

It appears that the determination was also based in part upon certain physical evidence, i.e., a knife and a bloody sweatshirt, but these items do not connect petitioner to the assault. It is our view, therefore, that the evidence relied upon by the Commissioner is so lacking in relevance and probative value that no reasonable mind would accept it as adequate to support a conclusion or ultimate fact *(cf. 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180).

KANE, J. P., MIKOLL and LEVINE, JJ., concur.

Determination annulled, without costs, petition granted, and respondents are directed to expunge all references to this proceeding from petitioner's files and to restore any good time taken from petitioner as a result thereof.