■ In the Matter of Hewlett Gibson, Petitioner, v Eugene S. LeFevre, as Superintendent of Clinton Correctional Facility, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility, was involved in an altercation with another inmate, Chester Henderson, in the north yard of the facility on December 5, 1985. Henderson sustained a razor cut on his face. Prison disciplinary charges were preferred against petitioner. Thereafter, a tier III Superintendent's hearing was conducted wherein petitioner denied all of the charges against him.*

---

\* Petitioner was charged with assault (rule 100.10), disturbing the order of

At the hearing, petitioner testified that he did not know Henderson and that at the time of the alleged assault he was at the other end of the prison yard lifting weights with inmate James Bruckman. Bruckman appeared and corroborated petitioner's alibi testimony. However, a confidential informant was not called to testify before the hearing officer because it was believed that such procedure would jeopardize institutional safety. Nonetheless, the hearing officer did conduct an in camera interview with Sergeant Robert Racine regarding the informant's version of the incident and his reliability. Racine's confidential testimony was then briefly summarized for petitioner.

Petitioner was told that Racine had spoken with an eyewitness who identified petitioner by his nickname "Chief" and by his cell-block location. The informant also selected petitioner's picture from a photographic array and identified him as the assailant. Significantly, a football betting sheet was found in Henderson's cell bearing petitioner's nickname "Chief" and indicating that petitioner owed Henderson a pack of cigarettes.

The hearing officer found Racine's testimony concerning the informant's reliability "very convincing" and found that substantial evidence supported a determination of guilt with regard to the disciplinary charges of assault, possession of a weapon and disturbing the order of the facility. Petitioner was given 60 days' confinement with concomitant loss of privileges and loss of one month's good time, the last 30 days of the penalty to be suspended.

Petitioner filed an appeal to the Commissioner of Correctional Services with an affidavit annexed from Henderson stating that he had wrongfully identified petitioner as his assailant. The Commissioner affirmed the determination and petitioner commenced this CPLR article 78 proceeding. The proceeding was transferred to this court.

Petitioner's contentions that the Superintendent's hearing was conducted in violation of petitioner's due process rights and that the hearing officer's determination is not supported by substantial evidence are rejected. The determination should therefore be confirmed and the petition dismissed.

An inmate is not denied due process when, for safety reasons, a confidential informant's statements are relayed to a

the facility (rule 100.20), possession of a weapon (rule 113.10) and fighting (rule 100.11). The standards of inmate behavior are found in 7 NYCRR 270.1.

hearing officer by someone who interviewed the informant *(see, Matter of Harris v Coughlin,* 116 AD2d 896, *lv denied* 67 NY2d 610, 1047; *Matter of Burgos v Coughlin,* 108 AD2d 194, *lv denied* 66 NY2d 603). Contrary to petitioner's assertions, the record contains a written statement signed by Racine stating that calling the confidential informant would jeopardize institutional safety. Petitioner was also advised at the hearing that the informant's name would not be given in order to protect the safety of the informant.

Petitioner's reliance on *Matter of Mercado v Kirk* (118 AD2d 917) is misplaced. In *Mercado,* the witnesses who were not allowed to be called were merely the petitioner's wife and daughter, who would have come from outside the prison system and obviously would not have faced the same risk as persons called to testify from within the facility. Further, *Matter of Hill v LeFevre* (124 AD2d 383) is also distinguishable from the instant case. There, the hearing officer conducted an off-the-record interview with mess hall personnel and, in violation of 7 NYCRR 254.5 (b), this interview was not recorded. Also, the hearing officer refused to call a witness requested by the petitioner and gave no reason for such refusal on the record.

The record in the case at bar states a legitimate reason why the confidential informant was not personally interviewed by the hearing officer. Accordingly, the hearing officer's reliance on Racine's assessment of the informant's credibility did not deprive petitioner of due process of law.

Respondent's contention that Racine's hearsay testimony and the corroborative football betting sheet found in Henderson's cell constitute substantial evidence in support of the determination has merit. When examining the evidence supporting a disciplinary determination, "[t]he focus of the inquiry is not on whether the evidence is hearsay, but on whether the evidence has sufficient relevance and probative value as to constitute substantial evidence" *(Matter of Burgos v Coughlin, supra,* at 197). The football betting sheet linked petitioner to Henderson. Thus, the cumulative evidence, both confidential and nonconfidential, constitutes substantial evidence to support the determination of guilt.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.