■ In the Matter of ORVILLE WYNTER, Appellant, v EVERETT W. JONES, as Superintendent of Great Meadow Correctional Facility, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Washington County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility, was the subject of a misbehavior report charging him with assault with a weapon, threatening another inmate and extortion based upon confidential information. At the Superintendent's hearing, Correction Officer G. Greene, who had investigated the incident and prepared the misbehavior report, testified that several confidential informants had identified petitioner by name and cell location as the individual who had perpetrated the assault. Greene also stated that he considered the sources reliable based upon their past records of having provided accurate information. In addition, the Hearing Officer considered a confidential memorandum from Greene in which he stated that the victim of the assault identified petitioner as the individual who stabbed him. According to the memorandum, the victim also revealed that the assault was motivated by his refusal to participate in a scheme to smuggle drugs into the facility.

Petitioner claimed that he was innocent of the charges and called as a witness his alleged coconspirator in the scheme, who denied knowledge of any extortion attempt. The Hearing Officer found petitioner guilty of the charges and imposed a penalty of 180 days' confinement in the special housing unit, 180 days' loss of good time and 180 days' loss of certain

privileges. After this disposition was affirmed by respondent, petitioner commenced the instant CPLR article 78 proceeding for review of the determination.

Petitioner claims that respondent's determination is not supported by substantial evidence. We agree. In *Matter of Alvarado v LeFevre* (111 AD2d 475), we held that where the determination is based solely on evidence from witnesses who do not appear at the hearing, substantial evidence will not be found where the record fails to show that the Hearing Officer had a basis from which to make his own independent determination of the confidential informant's credibility. Here also, no one who testified at the hearing had firsthand knowledge of the incident, and the Hearing Officer was otherwise unable to assess the credibility of the confidential sources.

The confidential report that the victim told the investigating officer that petitioner was his assailant lacked the specificity and detail which might have furnished sufficient relevance and probative value for such an independent assessment of credibility *(see, Matter of Wanton v Coughlin,* 117 AD2d 376, 377; *cf., People ex rel. Vega v Smith,* 66 NY2d 130). Respondent urges, however, that the Hearing Officer had an adequate basis for determining that the victim and other unnamed informants were credible based upon Greene's statement that all had provided reliable information in the past. Such a statement, however, standing alone, reflects the same third-party credibility assessment which we rejected in *Matter of Alvarado v LeFevre (supra)*. Respondent also argues that the fact that there are multiple informants permits the Hearing Officer to find them credible since each corroborates the other. However, the evidence provided by the confidential witnesses was nothing more than Greene's bald conclusory statement that they identified petitioner as the assailant, without any detail indicating their basis of knowledge. Hence, this evidence is cumulatively insufficient as none of it provides the necessary basis for a credibility assessment by the Hearing Officer.

Respondent's reliance on *Matter of Harris v Coughlin* (116 AD2d 896, *appeal withdrawn* 69 NY2d 743) is misplaced. In *Harris* we held that there was a sufficient basis for the Hearing Officer to evaluate the credibility of a confidential witness where he was able to review a summarized transcript of an interview of the witness, which demonstrated that a thorough and detailed inquiry had been conducted by the interviewer revealing no discrepancies in the witness's account of the incident. By contrast here, when Greene was

asked by petitioner to describe the manner in which the informants were questioned, the Hearing Officer instructed Greene not to answer on the basis that such information was to remain confidential. While the Hearing Officer acted appropriately in not permitting petitioner to know the details of Green's interviews, such an inquiry should have been made by the Hearing Officer in camera. Thus, where, as here, confidential information is relayed indirectly to the Hearing Officer and fails to provide a basis for the Hearing Officer's own evaluation of the informant's credibility, a determination based solely on such information will not be supported by substantial evidence *(supra,* at 897). Because it appears that the necessary proof was available but unaccountably withheld at the first hearing, expungement must be granted *(see, Matter of Hartje v Coughlin,* 70 NY2d 866).

Finally, in our view, the intermittent gaps in the hearing record due to inaudible portions of the tape are not so significant that they preclude meaningful review of the proceeding *(see, Matter of Peterkin v Reid,* 105 AD2d 707).

Determination annulled, without costs, petition granted, and respondent is directed to expunge all references to this proceeding from petitioner's files and to restore any good time taken from petitioner as a result thereof. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Levine, JJ., concur.