■ In the Matter of FREDDIE COLON, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Levine, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Midstate Correctional Facility in Oneida County, was the subject of a misbehavior report charging him with, *inter alia,* assault. According to the report, the author, Correction Officer D. Sharrow, had just completed his rounds at approximately 2:00 A.M. when he observed inmate

Owen Hightower running down the hall holding a sheet to his face. As Sharrow approached the inmate he noticed that there was a large cut on Hightower's face. Sharrow prevented Hightower from going back down to the unit and told him to go to the bathroom so they could talk. The report then states: "We went into the bathroom and I asked him who did this? He replied 'You know'! I said no I don't. He then replied 'The one I had an argument with earlyer [sic]'! I said inmate Colon 86-A-8352. He replied 'Yes'! the misbehavior report refers to an entry in the log book from that evening which states that, at approximately 9:10 P.M., petitioner and Hightower "had an argument over the T.V."

At the Superintendent's hearing, petitioner claimed that he did not assault Hightower, although he admitted that the two had argued earlier in the evening after Hightower had changed the channel on the television. Petitioner also contended that Hightower did not make the statements attributed to him in the misbehavior report. Petitioner, however, did not request any witnesses at the hearing and none were called to testify.

The Hearing Officer found petitioner guilty of the assault charge and imposed a penalty of 365 days' confinement in the special housing unit, 365 days' loss of good time and 365 days' loss of certain privileges. After this disposition was affirmed by respondent, petitioner commenced this CPLR article 78 proceeding for review of the determination.

Petitioner contends that respondent's determination is not supported by substantial evidence since there was no direct evidence of petitioner's guilt. According to petitioner, the misbehavior report alone was insufficient to support the determination since Sharrow did not witness the assault. We disagree. The details set forth in the misbehavior report, particularly Sharrow's verbatim account of his conversation with Hightower, provided the Hearing Officer with a basis for assessing the credibility of Hightower. Moreover, the fact that Hightower's identification of petitioner occurred immediately following the assault is an additional factor supporting the accuracy and credibility of his statements. Thus, in our view, the misbehavior report contained sufficient detailed and probative information to support a determination that petitioner was guilty of assault (see, Matter of Harris v Coughlin, 116 AD2d 896, 897; cf., Matter of Wynter v Jones, 135 AD2d 1032).

We also find petitioner's reliance on cases involving confidential informants to be unavailing since, in that circumstance, the petitioner is not permitted to know who the

witnesses against him are. In the instant case, however, Hightower's identity as the key eyewitness was never kept from petitioner. In spite of this, petitioner never formally requested Hightower as a witness at the hearing, nor did he ask the Hearing Officer to interview him in camera.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.