■ In the Matter of THOMAS NELSON, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Hanofee, J.), entered May 12, 1988 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this proceeding to annul a determination that he be placed in involuntary protective custody for stabbing another inmate, to expunge from his records all references to this determination and to restore him to his prehearing status. The determination was based on a Hearing Officer's in camera examination of Lieutenant R. Brimmer, a correction officer who had interviewed, among others, the

confidential informant. Supreme Court dismissed the petition, concluding that there was sufficient information to establish the confidential informant's reliability and petitioner's culpability. From the judgment entered thereon, petitioner appeals and argues that the determination should be annulled because of the Hearing Officer's failure to independently appraise the confidential informant's credibility.

Preliminarily, we reject respondents' suggestion that this proceeding is moot because petitioner has completed his term in involuntary protective custody. Petitioner is entitled to an accurately maintained disciplinary record (see, e.g., Matter of Grant v Senkowski, 146 AD2d 948). Thus, his application retains vitality.

In a prison disciplinary proceeding, the inmate is entitled to basic due process protection (Matter of Jones v Smith, 64 NY2d 1003, 1005), which is not infringed when, for safety reasons, a confidential informant's statements about an inmate are provided to a Hearing Officer by someone who interviewed the informant (see, e.g., Matter of Gibson v LeFevre, 133 AD2d 978, 979-980). Of course, there must be some basis in the record from which the Hearing Officer can make an independent assessment of the informant's credibility (see, e.g., Matter of Wynter v Jones, 135 AD2d 1032, 1033; Matter of Harris v Coughlin, 116 AD2d 896, 897., lv denied 67 NY2d 610, 1047). Here, the Hearing Officer's determination shows exclusive reliance on Brimmer's testimony that the informant was reliable in the past and that the informant's information was supported by other information received by Brimmer. Indeed, our review of the Hearing Officer's in camera examination of Brimmer reveals that the Hearing Officer asked if Brimmer was satisfied with the informant's reliability. Furthermore, Brimmer's testimony is not sufficiently detailed so that the Hearing Officer could have made an independent assessment of the informant's credibility (compare, Matter of Colon v Coughlin, 147 AD2d 802). Such evidence reflects nothing more than third-party credibility assessment, which is insufficient (Matter of Wynter v Jones, supra). Accordingly, the judgment must be reversed and the petition granted.

Judgment reversed, on the law, without costs, determination annulled, petition granted, and respondents are directed to expunge all references to this proceeding from petitioner's files and to restore petitioner to his prehearing status. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.