■ In the Matter of LORENZO NICHOLS, Petitioner, v THOMAS COUGHLIN III, as Chairman of the New York State Department of Correctional Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to (1) review a determination of the Superintendent of the Sing Sing Correctional Facility, dated October 9, 1986, which, after a hearing, placed the petitioner in involuntary protective custody, and (2) to compel the respondents to expunge the determination from the petitioner's institutional record.

Adjudged that the petition is granted, the determination is annulled, on the law, without costs or disbursements, and the respondents are directed to expunge from the petitioner's institutional record all references to the hearing and determination.

We agree with the petitioner's position that the Hearing

Officer's determination placing him in involuntary protective custody (see, 7 NYCRR former 304.1 [4] [b]; former 304.2 [b]; former 304.3 [c]) was not supported by substantial evidence. The determination was based primarily, if not exclusively, upon confidential information, the reliability of which was never personally assessed by the Hearing Officer (see, e.g., Matter of Wynter v Jones, 135 AD2d 1032, 1033; Matter of Estrella v Coughlin, 131 AD2d 760; Matter of Alvarado v LeFevre, 111 AD2d 475). Given the absence of sufficient reliable evidence in the record to support the Hearing Officer's determination, the petition should be granted, the determination annulled and all references thereto expunged from the petitioner's institutional record.

In light of the foregoing, we need not reach the petitioner's due process claim. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.