■ In the Matter of MAURICE MCINTOSH, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Washington Correctional Facility in Washington County, was charged with violating a prison disciplinary rule. The misbehavior report, written by Correction Sergeant Matteson, alleged that on June 13, 1988 at approximately 10:00 A.M. inmate Cole reported that he had slipped and injured himself. Medical examination revealed that Cole had suffered a fracture to the jaw. Upon his return from the hospital approximately 11 hours following the incident, Cole changed his version of the events, indicating that he had been assaulted by an inmate known to him as "Mo", identified as being black and the "fattest" inmate in H-3 dorm, who worked on the farm, had sideburns that "joined his beard" and was assigned cubicle 40 to 45 in H-3 dorm. The report further alleged that this description was related to H-3 Dorm Officer Senecal, who thereby identified petitioner as the perpetrator. Following a hearing, petitioner was found guilty of the charge. After pursuing unsuccessful administrative review, petitioner commenced this proceeding to annul the finding of guilt and the penalty imposed.

Petitioner's initial contention, that there was not substantial evidence in the record to support respondent's determination, has merit and is dispositive of the proceeding. At the Superintendent's hearing, petitioner denied his guilt and advanced an alibi defense, alleging that he was en route to or on a farm work detail at the time of the incident. Inmate Richard Caban testified on petitioner's behalf, stating that he was present at the time of Cole's injury, although he did not

witness it, that he heard Cole say that he slipped on water and that he also heard a correction officer tell Cole to clean up the water. He could not state with certainty whether petitioner had left for his work detail at the time because, being a porter, he was in and out of the area. The Hearing Officer did not take the testimony of Matteson, Senecal or the officer on duty in H-3 dorm at the time of Cole's injury and, despite petitioner's specific request, did not interview Cole. Rather, he based his determination solely upon the unsworn hearsay misbehavior report of Matteson, who was not present at the time of the incident and had no independent knowledge of the events.

Although it is well settled that an unsworn hearsay misbehavior report may constitute substantial evidence to support a determination of guilt made as a result of a Superintendent's proceeding *(Matter of Burgos v Coughlin,* 108 AD2d 194, 197, *lv denied* 66 NY2d 603; *see, People ex rel. Vega v Smith,* 66 NY2d 130), where the misbehavior report was not written by a correction officer who witnessed the conduct in question, the record must contain facts establishing some indicia of reliability to the hearsay before the report may be considered sufficiently relevant and probative to constitute substantial evidence *(see, Matter of Harris v Coughlin,* 116 AD2d 896, 897). Here, there was simply no means of determining Cole's credibility or the reliability of his accusation, particularly in view of his status as an inmate complainant *(see, Matter of Wanton v Coughlin,* 117 AD2d 376, 377-378; *cf., Matter of Perez v Coughlin,* 145 AD2d 875, 876) and the fact that he originally claimed to have injured himself by falling and changed his story hours after the incident *(cf., Matter of Colon v Coughlin,* 147 AD2d 802; *Matter of De Torres v Coughlin,* 135 AD2d 1068, *lv denied* 72 NY2d 801). Petitioner's defense of alibi itself suggested the need for additional inquiry *(see, People ex rel. Vega v Smith, supra,* at 140). Therefore, in our view, the evidence relied upon "is so lacking in relevance and probative value that no reasonable mind would accept it as adequate to support a conclusion or ultimate fact" *(Matter of Wanton v Coughlin, supra,* at 378; *cf., 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). Because the Hearing Officer could easily have interviewed Cole, and, as noted, was requested to, the means of confirming the reliability of his allegations was readily available. Accordingly, remittal for a new hearing would not be appropriate *(see, Matter of Hartje v Coughlin,* 70 NY2d 866, 868). In view of our decision to annul respondent's determination, we need not consider petitioner's

further contention that he was deprived of his right to call witnesses.

Determination annulled, without costs, petition granted, and respondent is directed to expunge all references to this proceeding from petitioner's files and to restore any good time taken from petitioner as a result thereof. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.