■ In the Matter of EMERSON THURMAN, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department

of Correctional Services, et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following an inmate homicide at the Clinton Correctional Facility in Clinton County on March 14, 1988, an investigation revealed that petitioner had the murder weapon in his possession. The misbehavior report by Correction Sergeant John Gough was based upon information received from a confidential informant. In the report, Gough inadvertently set forth the time and date of the incident as March 15, 1988 at 2:00 P.M., which was the date and time of his investigation and preparation of the report. The error was noted and the issue clarified when the hearing commenced on March 21, 1988. After discussion, the hearing was adjourned for two days to give petitioner an opportunity to prepare his defense. On March 23, 1988, after reviewing an affidavit from the confidential informant and hearing his testimony outside the presence of petitioner, the Hearing Officer found petitioner guilty of violating the rule prohibiting possession of a weapon by an inmate.

Petitioner contends that the amendment of the misbehavior report to reflect the correct time and date of the incident violated his due process rights. Contrary to this argument, petitioner was given 24 hours to prepare his defense, as provided by 7 NYCRR 254.6 (a). We reject petitioner's further argument that the Hearing Officer improperly acted as an investigator when he sought clarification from the central office on the procedure for correction of the error in the misbehavior report. The inquiries did not involve the merits of the charge or petitioner's participation in the subject incident, and did not violate 7 NYCRR 254.1.

We further find that the determination is supported by substantial evidence and complies with the standard of proof required in prison disciplinary matters (see, People ex rel. Vega v Smith, 66 NY2d 130, 142). The confidential affidavit from an eyewitness made on the day of the occurrence and supported by his direct testimony provided firsthand, relevant and probative evidence to support the determination (see, Matter of Gibson v LeFevre, 133 AD2d 978; cf., Matter of Wanton v Coughlin, 117 AD2d 376).

Determination confirmed, and petition dismissed, without

costs. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.