■ In the Matter of MARY COMPO, as Mother of MARISSA COMPO, an Infant, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services,

et al., Respondents.—

All concur, except Callahan and Balio, JJ., who dissent and vote to annul the determination, in the following memorandum.

Callahan and Balio, JJ. (dissenting). We respectfully dissent. In our view, the Commissioner's determination should be annulled and petition granted, because the determination is not supported by substantial evidence.

Substantial evidence is less than a preponderance of the evidence and simply "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). It is " 'the kind of evidence on which responsible persons are accustomed to rely in serious affairs' " *(People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *National Labor Relations Bd. v Remington Rand,* 94 F2d 862, 873).

Petitioner applied to the Jefferson County Department of Social Services for medical assistance for her infant child, Marissa, contending that she would be "disabled" continuously for at least 12 months from birth. The Department of Social Services regulations define "disability" as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months" (18 NYCRR 360.35 [b]). The State Disability Review Team found that Marissa had a "medically determinable impairment" but recommended that medical assistance be denied because the impairment did not satisfy the durational requirement—continuous disability for at least 12 months. The Jefferson County Department of Social Services denied assistance based upon that recommendation. After a fair hearing, Commissioner Perales concluded that no reason was demonstrated to disturb the opinion of the Disability Review Team, and the Commissioner affirmed the denial of medical assistance.

The sole evidence presented by respondents at the administrative hearing was the written reports of the Disability Review Team, and these reports constituted the sole basis for the Commissioner's determination. The function of the Disability Review Team is to review the medical reports and social history of the applicant and to make a decision regard-

ing permanent and total disability based upon that review *(see,* 18 NYCRR 360.35 [c]). The findings of the Disability Review Team rarely, if ever, will be based upon firsthand knowledge of the applicant, and thus, if firsthand knowledge is an absolute essential, the report of the Disability Review Team could never, by itself, constitute substantial evidence. We do not suggest that the absence of firsthand knowledge should preclude the Commissioner from relying upon reports of the Disability Review Team. The subject reports, however, lack sufficient relevance and probative character for other reasons.

A written report or determination, if relevant and probative, may, by itself, constitute substantial evidence to support an administrative determination *(People ex rel. Vega v Smith, supra,* at 139-140; *see also, Matter of Gray v Adduci,* 73 NY2d 741). A report is relevant and probative where it describes the basis for a charge or determination with specificity, is made at or about the same time as the event or decision, is prepared by one having firsthand knowledge of the event, and where no evidence is presented which substantially controverts the report or determination *(see, People ex rel. Vega v Smith, supra,* at 140; *Matter of Wynter v Jones,* 135 AD2d 1032; *Matter of Wanton v Coughlin,* 117 AD2d 376).

The Disability Review Team (Team) made four separate determinations that the applicant was not disabled. Only the third and fourth determinations are at issue. On the first occasion, the Team found that insufficient information had been forwarded to permit a finding. The second time, the Team found that Marissa was not continuously disabled because she was discharged from the hospital, weaned to home air, and her prognosis for recovery from bronchopulmonary dysplasia was excellent. On the third occasion, the Disability Review Team found, for the first time, that Marissa had a "medically determinable impairment". The Team found, however, that the disability was not continuous because "there is no evidence that the impairment is expected to last for a continuous period of 12 mths." The Disability Review Team thus departed from its earlier determination that the disability was not continuous because she had been discharged from the hospital and weaned to home air. Prior to consideration of the application for a fourth time, the applicant submitted two medical reports from treating physicians. These reports indicated that Marissa "would be disabled continuously for at least 12 months" and that she "should clearly be considered disabled from a pulmonary standpoint, for a period of 1-2

years." The Disability Review Team again determined that Marissa did not satisfy the durational requirement. Its report made no mention of the medical reports of attending physicians and apparently relied upon a report from a Dr. Bacsik which was not part of the hearing record. At the fair hearing, which was conducted more than 12 months after Marissa's birth, petitioner testified that Marissa continues to suffer bronchopulmonary problems.

The sole statement in the fourth report of the Disability Review Team supporting its determination is that Marissa's prognosis for recovery is excellent. That statement was based upon a physician's report that was not part of the record at the fair hearing. The complete medical record and social history submitted to the Disability Review Team *(see,* 18 NYCRR 360.35 [c])* also were not part of the hearing record. We conclude, therefore, that the third and fourth determinations of the Disability Review Team lack specificity and detail and, because the conclusory findings are not supported by any medical evidence and are substantially controverted by the reports of treating physicians and testimony at the fair hearing, the written reports were not of sufficient relevance and probative character to constitute substantial evidence *(see, People ex rel. Vega v Smith, supra,* at 140; *Matter of Wynter v Jones,* 135 AD2d 1032, *supra).* In reaching this conclusion, we have considered the medical reports of treating physicians solely for the purpose of determining whether the reports of the Disability Review Team, standing alone, constitute substantial evidence. (Article 78 proceeding transferred by order of Supreme Court, Jefferson County, Inglehart, J.) Present— Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.