In the Matter of Jose Carter, Petitioner, v Walter R. Kelly, as Superintendent of Attica Correctional Facility, et al., Respondents.—Determination unanimously annulled, petition granted, and all references to these charges expunged from petitioner's file. Memorandum: In this CPLR article 78 proceeding, petitioner challenges a prison disciplinary determination finding him guilty of violent conduct and assault and imposing a penalty of 730 days' confinement to special housing unit with loss of telephone privileges and good time. The charges arose out of a disturbance in the mess hall of the Great Meadow Correctional Facility on July 31, 1988, which prison authorities concluded was a well-planned attack against staff participated in by 100 to 150 inmates. Petitioner allegedly was implicated in planning the attack by three

confidential inmate informants. The confidential informants who accused petitioner did not testify at the disciplinary hearing nor did the Hearing Officer learn their identities or review their statements. The evidence against petitioner consisted of the misbehavior report and in camera testimony of Lieutenant Phillips relating the substance of the confidential informants' accusations against petitioner. In opposition, petitioner and his witnesses, three other inmates, testified that he was in the yard and not in the mess hall at the time of the disturbance.

The issue on appeal is whether the misbehavior report and in camera testimony of Lieutenant Phillips, who had not witnessed the incident and apparently had not personally interviewed the confidential informants but merely read their statements, constitutes substantial evidence to support the charges against petitioner. We conclude that it does not.

In *People ex rel. Vega v Smith* (66 NY2d 130, 133, 139), the Court of Appeals held that substantial evidence need not include a "legal residuum" of admissible evidence, that it can consist entirely of hearsay, and that written misbehavior reports alone may serve as the evidentiary basis for prison disciplinary determinations. In *Vega,* however, the misbehavior reports described with specificity an incident witnessed by the author of the report, were dated the same day as the incident, and were signed by the author and endorsed or initialled by one or more other correction officers *(see, People ex rel. Vega v Smith, supra,* at 140). Moreover, the misbehavior reports in *Vega* contained simple charges which the inmates merely denied without explanation and without calling additional witnesses on their behalf *(People ex rel. Vega v Smith, supra).* In this case, in contrast, the misbehavior report was not written contemporaneously with the incident but six days later. It was not signed or initialled by "other employee witnesses". It charged an incident which petitioner denied in detailed testimony supported by the testimony of other inmates. Most importantly, it was not based on firsthand observations but merely purported to recount the results of the investigation, including the accusation of an unnamed inmate informant. Thus, as distinguished from the misbehavior reports found sufficient in *Vega,* the misbehavior report in this case did not merely constitute a hearsay account of the incident, but recited hearsay or double hearsay accounts. Thus, the misbehavior report did not constitute substantial evidence of the charges against petitioner.

Although not specifically mentioned as a basis for his deter-

mination, the Hearing Officer also considered the in camera testimony of Lieutenant Phillips recounting the accusations of the unnamed inmate informants. It has been held that the testimony of a correction officer relating the hearsay accusations of anonymous inmate informants does not constitute substantial evidence unless the record before the Hearing Officer contains material enabling him to assess the credibility of the informants and to conclude that their information is reliable (*Matter of Nelson v Coughlin,* 148 AD2d 779, 780; *Matter of Wynter v Jones,* 135 AD2d 1032, 1033-1034; *Matter of Wanton v Coughlin,* 117 AD2d 376; *Matter of Harris v Coughlin,* 116 AD2d 896, 897, *lv denied* 67 NY2d 610, 1047, *appeal withdrawn* 69 NY2d 743; *Matter of Alvarado v Le-Fevre,* 111 AD2d 475). Here, the record before the Hearing Officer provided no basis for determining the informants' credibility, and their hearsay accusations should have been rejected *(see, Matter of Alvarado v LeFevre, supra).* (Article 78 proceeding transferred by order of Supreme Court, Wyoming County, Dadd, J.) Present—Callahan, J. P., Denman, Boomer, Balio and Lowery, JJ.