■ In the Matter of CHARLES CARVALHO, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of Correctional Services, et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Southport Correctional Facility in Chemung County, was charged with violating inmate rules concerning the possession of contraband. It is undisputed that during the course of a frisk of petitioner's cell, two flat metal bars, each about three feet long, were found under petitioner's mattress. At the hearing, petitioner presented an affidavit of inmate Robert Woody in which Woody stated that he took the metal bars from a store room and hid them under petitioner's mattress while petitioner was in the shower. Woody also testified at the hearing that he had taken the bars and hidden them in petitioner's cell while petitioner was in the shower. Based upon confidential information presented at the hearing, the Hearing Officer concluded that Woody and petitioner had acted in concert and that petitioner, therefore, was guilty of the charges.

In *Matter of Nelson v Coughlin* (148 AD2d 779, 780) we said that "there must be some basis in the record from which the Hearing Officer can make an independent assessment of the

[confidential] informant's credibility". Petitioner contends that the Hearing Officer violated this rule because he did not question the reliability of the confidential information. In *Matter of Nelson,* the confidential informant's statements were provided to the Hearing Officer during an in camera examination of a correction officer who had interviewed the confidential informant, and the Hearing Officer made no independent assessment of the informant's credibility, relying instead upon the correction officer's conclusion that the informant was reliable. In contrast, the confidential information in the case at bar includes a sworn statement of an informant, together with other information which tends to corroborate the informant's statements. It is clear from the record that the Hearing Officer credited the informant's statements linking petitioner with Woody in various activities, and there is nothing to suggest that in so doing the Hearing Officer relied on someone else's assessment of the informant's credibility. In these circumstances, we see no infringement of the basic due process protection to which petitioner is entitled.

Petitioner also contends that the Hearing Officer erred in failing to accept the affidavit and testimony of Woody that he was responsible for placing the metal bars under petitioner's mattress and that petitioner was not involved. The evidence created a question of credibility for the Hearing Officer to resolve and, inasmuch as the misbehavior report and confidential information provide the necessary substantial evidence to support the determination, it must be confirmed *(see, Matter of Burgos v Coughlin,* 108 AD2d 194, 196-197, 201, *lv denied* 66 NY2d 603). We have considered petitioner's remaining arguments and find them meritless.

Mahoney, P. J., Mikoll, Levine and Crew III, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.