In the Matter of RAPHAEL LEACH, Appellant, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.

We first note that this proceeding should have been transferred to this court because petitioner raised the issue of whether the disposition was supported by substantial evidence (CPLR 7804 [g]). It is settled that substantial evidence in a CPLR article 78 proceeding can consist entirely of hearsay, and a written misbehavior report alone may serve as the evidentiary basis for a prison disciplinary determination (*People ex rel. Vega v Smith*, 66 NY2d 130, 139). In *Vega*, however,

the misbehavior reports described with specificity an incident witnessed by the author and were endorsed or initialled by other correction officers. Here, it is apparent from the misbehavior report that the author did not witness the incident he described, but reported merely the results of his investigation. The misbehavior report "did not merely constitute a hearsay account of the incident, but recited hearsay or double hearsay accounts" *(Matter of Carter v Kelly,* 159 AD2d 1006, 1007) and thus did not constitute substantial evidence of the charges against petitioner. Because the correction officer provided no clarification of the misbehavior report in his oral testimony, that testimony likewise failed to constitute substantial evidence.

Additionally, "the testimony of a correction officer relating the hearsay accusations of anonymous inmate informants does not constitute substantial evidence unless the record before the Hearing Officer contains material enabling him to assess the credibility of the informants and to conclude that their information is reliable" *(Matter of Carter v Kelly, supra,* at 1008; *see also, Matter of Nelson v Coughlin,* 148 AD2d 779, 780; *Matter of Wanton v Coughlin,* 117 AD2d 376; *Matter of Harris v Coughlin,* 116 AD2d 896, 897, *lv denied* 67 NY2d 610, 1047, *appeal withdrawn* 69 NY2d 743). Here, although the Hearing Officer stated that he had independently assessed the informant's credibility, the record fails to support that statement. The hearsay accusations of the confidential inmate witness should have been rejected. (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Article 78.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.