■ In the Matter of JESUS ROSARIO, Petitioner, v ARTHUR LEONARDO, as Superintendent of Great Meadow Correctional Facility, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which

found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at a State correctional facility, was charged with violations of State-wide disciplinary rules 102.10 (threats) and 103.10 (extortion) *(see,* 7 NYCRR 270.2 [b] [3] [i]; [4] [i]) in a disciplinary report prepared by Correction Sergeant Dennis Fitzpatrick. Specifically, petitioner is alleged to have coerced another inmate to send money to various addresses outside the facility by means of threats of physical violence. Following a tier III hearing conducted on April 18, 1991, petitioner was found guilty of both charges and discipline was imposed. Following unsuccessful administrative review, petitioner challenged the administrative determination in this CPLR article 78 proceeding, transferred to this court pursuant to CPLR 7804 (g).

We reject the argument that the determination is not supported by substantial evidence. Although the determination was based primarily upon the statement of a confidential informant who did not appear at the hearing, the tape recording of Fitzpatrick's interview of the informant and documentary evidence introduced into evidence provided the Hearing Officer with a basis from which to make an independent determination of the confidential informant's credibility. The informant's taped testimony was specific and detailed *(cf., Matter of Wynter v Jones,* 135 AD2d 1032, 1033) and was corroborated by documents found in petitioner's cell and furnished by another confidential informant *(see, Matter of Gibson v LeFevre,* 133 AD2d 978, 980; *Matter of Harris v Coughlin,* 116 AD2d 896, 897, *lv denied* 67 NY2d 610, 1047).

We have reviewed petitioner's remaining contention that he was impermissibly deprived of an opportunity to call the victim as a witness and find it to be without merit.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.