■ In the Matter of KENNETH GASTON, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of Department of Correctional Services, et al., Respondents.—Determination unanimously annulled on the law and petition granted in accordance with the following Memorandum: On May 19, 1990, there was a food strike at the Auburn Correctional Facility. Based upon confidential information received from an inmate by a correction officer, petitioner was charged with organizing the food strike in violation of 7 NYCRR 270.2 (B) (5) (iii). After a Tier III rehearing, at which petitioner and two other inmates testified that petitioner had not been involved in the food strike, petitioner was found guilty.

The record of the Tier III rehearing shows that there was no evidence against petitioner except the conclusory statement of the informant, which was related by the correction officer who received the information. Although the informant was identified during in camera testimony, he did not testify, and there was no evidence corroborating his information. The record was insufficient to enable the Hearing Officer to assess the reliability of that information. Thus, the proof does not constitute substantial evidence and is insufficient to support the determination (see, Matter of Carter v Kelly, 159 AD2d 1006, 1008; Matter of Nelson v Coughlin, 148 AD2d 779, 780; Matter of Alvarado v LeFevre, 111 AD2d 475). All references to these charges must be expunged from petitioner's files.

We have examined petitioner's other contention and find it to be without merit. (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present —Boomer, J. P., Pine, Lawton, Boehm and Davis, JJ.