■ In the Matter of RODNEY HUTCHINSON, Respondent, v THOMAS COUGHLIN, as Commissioner of the Department of Correctional Services et al., Appellants. [631 NYS2d 903] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services, dated July 2, 1993, made after a hearing, *inter alia,* finding the petitioner guilty of assault on an inmate, the appeal is from a judgment of the Supreme Court, Dutchess County (Bernhard, J.), entered February 28, 1994, which annulled the determination.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment is vacated *(see, Matter of Perez v Wilmot,* 111 AD2d 757; *Matter of Davidson v Scully,* 116 AD2d 575); and it is further,

Adjudged that the petition is granted and the determination is annulled, without costs or disbursements, and the respondent is directed to expunge from the petitioner's institutional record all references to the charges underlying the determination.

Since the petition raises a substantial evidence question, the Supreme Court should have transferred the proceeding to this Court (see, CPLR 7804 [g]; Matter of G & G Shops v New York City Loft Bd., 193 AD2d 405; Matter of Reape v Gunn, 154 AD2d 682). Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred (see, Matter of Reape v Gunn, supra).

Judicial review of an administrative determination is limited to a consideration of whether the determination is supported by substantial evidence on the record as a whole (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Purdy v Kreisberg, 47 NY2d 354, 358; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 179). Hearsay is admissible in an administrative hearing and, if it is sufficiently relevant and probative, hearsay alone may constitute substantial evidence (see, People ex rel. Vega v Smith, supra). The hearsay statements of confidential informants may constitute substantial evidence "as long as there are objective circumstances demonstrating the informants' reliability and, based on those circumstances, the Hearing Officer makes an independent finding that the informants' evidence is, in fact, reliable" (Matter of Abdur-Raheem v Mann, 85 NY2d 113, 117).

Contrary to the appellants' contention, the evidence before the Hearing Officer in this case was not substantial. The victim initially stated that he was attacked from behind and knocked unconscious, and an interdepartmental report dated the day after the incident does not indicate that the victim identified any of the perpetrators. However, approximately four weeks after the incident, the victim made a statement identifying the petitioner and two other inmates as the perpetrators. At the hearing, the victim recanted his identification of the petitioner and the two other inmates. Additionally, the victim testified that, because he had been attacked from behind and knocked unconscious, he did not know the identity of the perpetrators. This testimony is consistent with the victim's initial statement (see, Matter of McIntosh v Coughlin, 155 AD2d 762; cf., Matter of Foster v Coughlin, 76 NY2d 964).

An inmate misbehavior report prepared by a correction officer who had not witnessed the incident identifies the petitioner as one of the perpetrators. While that report does

not indicate on what it is based, the officer testified at the hearing that it is based on the victim's identification of the petitioner and on information obtained from unidentified confidential informants. However, neither the informants' identity nor the information allegedly obtained from them was revealed to the Hearing Officer. Thus, the Hearing Officer could not make an independent determination of the credibility and the reliability of the information contained in the report *(see, Matter of Abdur-Raheem v Mann, supra,* at 117; *Matter of McIntosh v Coughlin,* 155 AD2d 762, *supra; Matter of Silva v Scully,* 138 AD2d 717). Under these circumstances, the inmate misbehavior report and the other evidence adduced at the hearing do not constitute substantial evidence. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.