■ In the Matter of HUGO ECHAVARRIA-BRAND, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [647 NYS2d 899] —Determination unanimously annulled on the law without costs and petition granted in accordance with the following Memorandum: Following a Tier III disciplinary hearing, petitioner was found guilty of violating inmate rules 108.13 (7 NYCRR 270.2 [B] [9] [iv]; possession of escape paraphernalia) and 113.23 (7 NYCRR 270.2 [B] [14] [xiv]; possession of contraband). Petitioner argues that the determination is not supported by substantial evidence. We agree.

The charges arose when a green knit ski mask was found in petitioner's locker during a cell frisk. The Hearing Officer took the telephone testimony of a correction officer from the Sha-

wangunk Correctional Facility, where the incident occurred. The correction officer stated that he had received information that certain Colombian inmates were planning an escape. He linked the ski mask to the escape plot by noting that, in a prior escape attempt by other inmates, the inmates had used photocopy toner to darken their skin, to allow them to escape at night undetected. He believed that a ski mask could serve the same purpose. The Hearing Officer found petitioner guilty, noting that, while a ski mask itself is not incriminating, it became incriminating when coupled with the information from the correction officer that petitioner was involved in an escape attempt.

The Hearing Officer relied upon information provided by an informant to the correction officer. A Hearing Officer cannot rely upon information provided by a confidential source without making an independent determination of the reliability of the source (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119; *Matter of Perron v Coughlin*, 199 AD2d 903; *Matter of Gaston v Coughlin*, 182 AD2d 1085). Although a face-to-face meeting between the Hearing Officer and the source is not required, the "Hearing Officer cannot simply rely on the investigating authority's determination but must instead make his or her own evaluation of the informant's credibility" (*Matter of Abdur-Raheem v Mann, supra*, at 119). Because the record contains nothing upon which the Hearing Officer could make an independent assessment of the reliability of the information, the determination must be annulled and all references to the charges expunged from petitioner's institutional records. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Balio, JJ.