■ In the Matter of GARFIELD ALLEN, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [676 NYS2d 372] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was charged in two separate misbehavior reports with violations of various inmate rules. The determination with respect to the first misbehavior report is supported by substantial evidence, namely, the report itself. Petitioner's defense raised an issue of credibility for the

Hearing Officer to resolve (*see, Matter of Perez v Wilmot,* 67 NY2d 615, 616). The second misbehavior report charged petitioner with inflicting bodily harm upon another inmate (7 NYCRR 270.2 [B] [1] [i]) and possessing a weapon (7 NYCRR 270.2 [B] [14] [i]). The report was written by a correction officer who observed a fight between petitioner and another inmate. After the fight broke up, the correction officer observed what "appeared to be razor cuts" on the other inmate, who told the correction officer that petitioner "cut him with a razor during the fight". Petitioner denied having a razor and none was found. Although the charge of possession of a weapon is supported only by the hearsay statement of the inmate who allegedly was injured by petitioner, there is sufficient evidence corroborating the inmate's statement (*cf., Matter of Gaston v Coughlin,* 182 AD2d 1085). Significantly, the inmate upon whose testimony the Hearing Officer relied was not anonymous, and the record before the Hearing Officer contains material that enabled her to assess the credibility of the inmate and to conclude that his information was reliable (*cf., Matter of Leach v Coughlin,* 179 AD2d 1050, 1051; *Matter of Carter v Kelly,* 159 AD2d 1006, 1008).

Petitioner contends that he was not given an opportunity to review the confidential memorandum attached to the second misbehavior report. We have reviewed that memorandum and conclude that it is duplicative of information contained in the misbehavior report. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.