■ In the Matter of EDDIE COTTO, Petitioner, v WILFREDO BAUTISTA, as Superintendent of Marcy Correctional Facility, et al., Respondents. [676 NYS2d 373] —Determination unanimously annulled on the law without costs and petition granted in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge a determination finding him guilty of violating inmate rule 105.12 (7 NYCRR 270.2 [B] [6] [iii] [engaging in unauthorized organizational activities]). In finding petitioner guilty, the Hearing Officer relied on a report reciting confidential information identifying petitioner as a member of the "Latin Kings" gang. Petitioner contends that the determination is not supported by substantial evidence. In particular, he contends that the Hearing Officer erred in crediting the hearsay accusations of confidential informants.

The report of a correction officer relating the hearsay accusations of an anonymous or confidential informant does not constitute substantial evidence unless the record contains objective material that enables the Hearing Officer to assess the credibility of the informant and to conclude that the information is in fact reliable (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 117, 122-123; *Matter of Carter v Kelly*, 159 AD2d 1006, 1008). Here, the report attributed the confidential information concerning petitioner's alleged gang involvement to various unidentified inmates, who allegedly spoke to various unidentified counselors, who in turn allegedly reported it to the author of the report. The record does not demonstrate the reliability or basis of knowledge of the informants, nor does it contain any other material enabling the Hearing Officer to assess the credibility of the informants or their information. The information thus does not constitute substantial evidence supporting the determination (*see, Matter of Aponte v Coughlin*, 204 AD2d 1033, 1034; *Matter of Gaston v Coughlin*, 182 AD2d 1085; *Matter of Leach v Coughlin*, 179 AD2d 1050, 1051; *Matter of Carter v Kelly, supra*, at 1007-1008; *cf., Matter of Allen v Goord*, 252 AD2d 975 [decided herewith]). The determination therefore must be annulled and all references to the charges expunged from petitioner's file (*see, Matter of Aponte v Coughlin, supra*, at 1034). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Murad, J.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.