■ In the Matter of JOSEPH THOMAS, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prisoner at Clinton Correctional Facility in Clinton County, was served with an inmate misbehavior report on July 29, 1987 charging him with violation of prison rule 113.15 (transfer of personally owned items without authorization).* The report, signed by Robert Cox, senior mail and supply clerk at the facility, asserted that the correspondence department at the prison received two incoming envelopes. There was a Northeast Savings Bank money order in each in the amount of $1,500 and naming petitioner as payee. One was signed with the sender listed as Donald Deso, Sr. The second was sent by Northeast Savings Bank to Deso to be signed by him. Deso, also an inmate at Clinton, sends out his mail under the name Donald Deso, Sr. He is confined to the prison hospital as a patient suffering from cataracts. Petitioner is a nurse and works and resides in the prison hospital ward.

After a Tier III Superintendent's hearing petitioner was found guilty of an unauthorized transfer. The evidence on which the Hearing Officer relied included (1) statements of Deso that he did not know petitioner and did not authorize the bank transfer, (2) an investigator's testimony that Deso is blind and cannot read his mail, (3) petitioner was a payee on the two money orders, (4) the return address on one of the envelopes was that of petitioner's brother, and (5) a yellow slip of paper found in petitioner's belongings matched the writing on a get well card and letter request for an account balance. The Hearing Officer imposed a penalty of six months' loss of recreation and commissary privileges, one year's loss of good time and no job assignments in the hospital. The disposition was affirmed by the Department Review Board on behalf of respondent Commissioner of Correctional Services. Petitioner then commenced this CPLR article 78 proceeding seeking to

---

* A second charge under prison rule 114.00 (smuggling) was dismissed because petitioner reported that the charge was not on his copy of the misbehavior report.

vacate the determination and to expunge all references thereto.

The determination should be confirmed and the petition dismissed. The Hearing Officer's determination was supported by substantial evidence. The hearing was conducted in accordance with procedural requirements set forth in 7 NYCRR part 250.

The evidence, taken as a whole, constitutes substantial evidence that petitioner was connected to a plan to defraud Deso. The testimony of petitioner, Deso, the investigator and the documents presented afford a rational, reasonable basis for the Hearing Officer's determination. The small, yellow slip of paper with Deso's bank's address on it, found in petitioner's personal property, provides a basis for a reasonable inference linking petitioner to an attempt to defraud Deso (see, Matter of Gibson v LeFevre, 133 AD2d 978, 980; see also, Matter of Medina v Coughlin, 132 AD2d 982, lv denied 70 NY2d 611; Matter of Sanchez v Coughlin, 132 AD2d 896, 898).

We reject petitioner's argument that there was no competent evidence tying him to the acts charged in the absence of a handwriting expert to testify as to the handwriting evidence and link it to petitioner. The trier of fact may make comparisons of handwriting samples (CPLR 4536; People v Hunter, 34 NY2d 432, 435-436; People v Hoffman, 111 AD2d 411). Further, there is no authority which prohibits a Hearing Officer from evaluating handwriting in the absence of expert testimony.

Petitioner's contention that the record on review is not a complete record for judicial review as required under 7 NYCRR 254.6 (b) because many documents used for comparative purposes during the hearing were not made part of the record and that at least 60 inaudible "gaps" appear in the transcript is not persuasive. All documents on which the Hearing Officer relied are in the record. Petitioner's claim that the small, yellow slip of paper with the bank's address on it is not in the record is erroneous; it is included in the record. Intermittent gaps due to inaudible portions of the tape were not so significant that they preclude meaningful review of these proceedings (see, Matter of Wynter v Jones, 135 AD2d 1032; see also, Matter of Peterkin v Reid, 105 AD2d 707). Petitioner has failed to demonstrate that the gaps have prejudiced him in any manner.

Also rejected is petitioner's contention that the written statement of the fact finder as to the evidence relied upon is

inadequate because it purports to rely on handwriting comparison and analysis and also discounts any reliance upon the same and, due to such inconsistency, fails to set forth the actual extent of the Hearing Officer's reliance on the handwriting. The fact finder's written statement provides an adequate basis for administrative and judicial review and is sufficiently detailed as required by 7 NYCRR 253.7 (c) *(see, Matter of Baker v Wilmot,* 65 AD2d 884, 885, *appeal dismissed* 46 NY2d 939, *lv denied* 46 NY2d 710) since the Hearing Officer specified upon what evidence he based his determination.

The determination acknowledges the Hearing Officer's handwriting analysis, that the handwriting on the small, yellow slip of paper found in petitioner's possessions matched the handwriting on the get well card and the letter to the bank requesting an account balance. That the Hearing Officer further determined there was no proof that the handwriting on these items was petitioner's and did not rule out accomplices did not make the written statement internally inconsistent.

Finally, we have considered petitioner's other arguments and find them without merit.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.