■ In the Matter of JAMES SMITH, Petitioner, v THOMAS J. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [604 NYS2d 630] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with violating prison disciplinary rules prohibiting bribery, harassment, threats and sex offenses on the basis of several extortion letters of a sexually explicit nature which he allegedly sent to a female correction officer. After considering the testimony of Correction Officer Robert Cunningham, who had prepared a report outlining the similarities between the letters and several exemplars of petitioner's handwriting, and also performing his own comparison, the Hearing Officer found petitioner guilty of the charges.

There is adequate support in the record for the Hearing Officer's determination. It is true that Cunningham was not qualified as an expert, and therefore his report alone cannot provide the necessary foundation for a finding of guilt. It is equally true, however, that the trier of fact (here, the Hearing Officer) may make his or her own comparison of handwriting samples in the absence of expert testimony on the subject *(see,* CPLR 4536; *Matter of Thomas v Coughlin,* 145 AD2d 695, 696). Thus, the handwriting samples alone—the threatening letters and exemplars—can form the basis for a determination of guilt in a case such as this if there are sufficient similarities between the two to comprise substantial evidence that they were written by the same person. In this case there appear,

upon inspection, to be a number of such similarities; enough, in our view, to provide ample support for the Hearing Officer's conclusion and the determination arrived at by respondent Commissioner of Correctional Services.

Mikoll, J. P., Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.