■ In the Matter of JOHN PATSALOS, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, Respondent. [645 NYS2d 128] —Peters, J.

Petitioner, while an inmate at Otisville Correctional Facility in Orange County, was charged in an inmate misbehavior report with violating disciplinary rule 1.00 (7 NYCRR 270.2 [A] [conduct constituting a violation of the Penal Law]) and rule 111.10 (7 NYCRR 270.2 [B] [12] [i] [impersonation]). Specifically, petitioner was charged with impersonating Supreme Court Justice Peter Patsalos by composing and signing a letter to the Parole Board under that name which recommended that petitioner be released on parole. The misbehavior report stated that State Police Investigator M. Escobar participated in the investigation and it was determined that petitioner had access to the typewriter used to write the false letter. A Superintendent's hearing was held on the charges in October 1994, after which petitioner was found guilty of the charged rule violations. However, this determination was reversed upon administrative appeal, the record was expunged and a rehearing was ordered wherein the original misbehavior report and exhibits could be utilized. The rehearing was held on January 1995 at

Fishkill Correctional Facility in Dutchess County. At the hearing, the author of the misbehavior report, Deputy Superintendent for Security D. J. La Polt, testified by telephone concerning the investigation and petitioner made a statement denying that he wrote the letter. The Hearing Officer found petitioner guilty of the charges and a penalty was imposed. Petitioner's administrative appeal was denied and he thereafter commenced this CPLR article 78 proceeding seeking to annul the determination and to expunge all references thereto.

Initially, we must disagree with petitioner's assertion that the record lacks substantial evidence to support the determination. The misbehavior report, combined with the testimony of La Polt, the false letter, the affidavit from Justice Patsalos denying authorship of the letter and the typing sample from the typewriter used to write the letter, constituted sufficient evidence to support the findings of guilt. Contrary to petitioner's arguments, it is irrelevant that an expert in typewriter key comparisons was concededly not utilized since the Hearing Officer, as trier of fact, was competent to make his own comparison (*cf., Matter of Smith v Coughlin*, 198 AD2d 726). While it is true that some of the information imparted by La Polt was hearsay, this factor alone is not dispositive (*see, e.g., Matter of Bostic v Coughlin*, 216 AD2d 766, 767), and it should be noted that much of the information imparted by La Polt was derived from his own first-hand participation in the investigation. For instance, although a list of Judges' names and addresses with the name of Justice Patsalos highlighted was apparently misplaced, La Polt specifically testified that such a list was confiscated from petitioner's cell. Thus, there was sufficient evidence adduced to connect petitioner to the charged conduct (*see, Matter of Thomas v Coughlin*, 145 AD2d 695, 696).

Petitioner's remaining contentions have been examined and found to be without merit. Since Escobar was not a trier of fact, there is nothing to support petitioner's assertion that he, as opposed to the Hearing Officer, should have issued a written statement detailing the finding of facts (*see,* 7 NYCRR 254.7 [a] [5]). Next, assuming this issue is preserved for review, we also reject petitioner's contention that the Hearing Officer was improperly appointed. 7 NYCRR 254.1 only prohibits persons such as the authors of misbehavior reports, eyewitnesses, persons who conducted the investigation or were otherwise directly involved in the incident from serving as Hearing Officers. Thus, even if petitioner's unsupported contention that the Hearing Officer who conducted the rehearing was also present

at the original hearing is true, this would not render his later appointment improper.

Finally, the record fails to support petitioner's assertion that the Hearing Officer was biased. Although it is true that the Hearing Officer initially inadvertently imposed a harsher penalty than that imposed after the first hearing (*see,* 7 NYCRR 254.8 [d]), the Hearing Officer properly adjusted the penalty imposed and credited petitioner with keeplock time already served.

White, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.