■ In the Matter of EDWIN GARCIA, Petitioner, v DONALD SELSKY, as Director of Special Housing, Respondent. [699 NYS2d 500] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following an investigation into a threatening letter sent to the Superintendent of the correctional facility at which petitioner was incarcerated and the discovery of certain graffiti on a wall within the facility, petitioner was charged with violating various prison disciplinary rules. A disciplinary hearing ensued, at the conclusion of which the Hearing Officer found

petitioner guilty of engaging in violent conduct, harassment and threats, and causing property damage or loss. Following an unsuccessful administrative appeal,* petitioner commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, to challenge respondent's determination.

The crux of petitioner's argument on review is that the determination at issue is not supported by substantial evidence because the Hearing Officer did not independently assess the similarities between petitioner's handwriting and the handwriting contained in the letter and graffiti giving rise to the underlying disciplinary proceeding. Specifically, petitioner asserts that the Hearing Officer improperly delegated his fact-finding role in this regard to a correction officer who purportedly had experience in comparing handwriting samples. We find this argument to be persuasive.

As a starting point, although petitioner did not expressly challenge the qualifications of the correction officer who provided "expert" handwriting analysis testimony at petitioner's disciplinary hearing, petitioner repeatedly requested that the Hearing Officer view the various exhibits and personally assess whether petitioner's handwriting indeed was similar to that contained in the letter and graffiti. Thus, although petitioner's challenge to the determination under review may have been inartfully stated at the various stages of this proceeding, we find this issue to be sufficiently preserved for our review.

Turning to the merits, to the extent that petitioner asserts that the finding of guilt cannot stand in the absence of expert handwriting analysis linking his known handwriting exemplar to the letter and graffiti, we cannot agree. The case law makes clear that no such expert testimony is required; indeed, the Hearing Officer, as the trier of fact, "may make his or her own comparison of handwriting samples in the absence of expert testimony on the subject" (*Matter of Smith v Coughlin*, 198 AD2d 726; *see, Matter of Thomas v Coughlin*, 145 AD2d 695, 696). No such comparison took place here, however. A review of the record before us reveals that the Hearing Officer steadfastly refused to undertake his own analysis of the various handwriting samples (*compare, Matter of Ellis v Coombe*, 253 AD2d 945) and, instead, completely deferred to the testimony of a correction officer who allegedly had some background in this area. The correction officer in question,

---

* Petitioner subsequently received a three-month time and privilege adjustment to the penalty.

however, plainly was not qualified as an expert in this field, nor is there any indication in the record that he had any personal knowledge of the particular characteristics of petitioner's handwriting (*compare, Matter of Kalwasinski v Senkowski*, 244 AD2d 738 [nurse testified that language and handwriting contained in subject letter was identical to that used in the petitioner's previous letters to her]). Moreover, we cannot say, based upon our independent review of the subject exhibits (*see, Matter of Smith v Coughlin, supra*), that sufficient similarities exist between the letter and graffiti at issue and the admitted sample of petitioner's handwriting to sustain the finding of guilt. Under such circumstances, we find that respondent's determination is not supported by substantial evidence. To the extent that this Court's prior decision in *Matter of Rodriguez v Goord* (261 AD2d 740, *lv denied* 93 NY2d 818) suggests a contrary conclusion, we decline to follow it. As it appears from the record that petitioner's administrative penalty already has been served, the appropriate remedy is expungement.

Mikoll, J. P., Yesawich Jr., Graffeo and Mugglin, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.