■ In the Matter of JASON MALDONADO, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [704 NYS2d 383] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with violating disciplinary rules regarding possession of controlled substances or contraband, and smuggling. After a hearing, he was found guilty of the charges and on his administrative appeal the disposition was modified by dismissing—as duplicative—one of the controlled substance charges but the penalty was not disturbed. Petitioner thereafter commenced this CPLR article 78 proceeding to review the determination.

The misbehavior report combined with the testimony of the correction officer who prepared the report based upon his personal observations, together with the test results indicating that the packet confiscated by the correction officer contained marihuana, provide substantial evidence to support the finding that petitioner passed a packet containing marihuana to another inmate (*see, Matter of Valera v Selsky*, 185 AD2d 481). Despite the inadvertent clerical error in recording petitioner's inmate identification number on one of the test forms, the evidence in the record establishes the requisite chain of custody and demonstrates that the test was conducted on the same material that petitioner passed to the other inmate (*see, Matter of Maldonado v Selsky*, 162 AD2d 843). Likewise, there is no merit to petitioner's contention that, considering the time frame between the incident as noted in the misbehavior report

and when the test results were available, the report must have been based on conjecture (*see, Matter of Venegas v Irvin*, 249 AD2d 982). In this regard, petitioner's claims addressed to the sequence of events created at most a credibility issue which the Hearing Officer resolved against him (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Finally, notwithstanding petitioner's claim to the contrary, the Hearing Officer was entitled to conclude that the handwriting on the note accompanying the packet of marihuana was remarkably similar to a known sample of petitioner's handwriting despite the absence of a comparison performed by a handwriting expert (*see, Matter of Charles v Barkley*, 257 AD2d 880).

Crew III, J. P., Peters, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.