■ In the Matter of JONATHAN ODOM, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [705 NYS2d 433] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner is a prison inmate. In January 1999, a correction officer filed a misbehavior report charging petitioner with violating the prison disciplinary rule that prohibits inmates from providing unauthorized legal assistance to other inmates. The charge was based upon the officer's comparison of the handwriting contained in one of petitioner's legal papers and another legal paper purportedly prepared by another inmate and his conclusion that the handwriting in the two papers was the same. Following a tier III hearing, petitioner was found

guilty of the charge and a penalty was imposed. The determination of guilt was affirmed on administrative appeal and is now challenged in this CPLR article 78 proceeding.

Of petitioner's many contentions, we need consider only the one addressed to the sufficiency of the evidence. In our view, the Hearing Officer's conclusion that petitioner prepared a legal paper for another inmate without permission is not supported by substantial evidence in the record. The record demonstrates that the correction officer who issued the misbehavior report did not witness petitioner prepare the legal papers in question. Further, he was not legally qualified to render the opinion that the handwriting in the two documents was the same (*see, Matter of Garcia v Selsky*, 266 AD2d 772; *Matter of Smith v Coughlin*, 198 AD2d 726). Although the Hearing Officer, as trier of fact, was qualified to make a comparison of the handwriting samples (*see, Matter of Thomas v Coughlin*, 145 AD2d 695, 696; *see also*, Prince, Richardson on Evidence § 7-318, at 485 [Farrell 11th ed]), he did not do so. In fact, his decision specifically defers to the correction officer's unqualified opinion that the legal papers in question were authored by petitioner. In the absence of the Hearing Officer's independent comparison and determination that the documents were in fact authored by petitioner (*compare, Matter of Burgess v Goord*, 269 AD2d 722; *Matter of Ellis v Coombe*, 253 AD2d 945), we are constrained to the conclusion that the Commissioner's determination is not supported by substantial evidence (*see, Matter of Garcia v Selsky, supra*). In view of the foregoing, we need not consider whether there was sufficient evidence in the record to support a finding that petitioner authored the handwriting exemplar that formed the basis for the correction officer's comparison.

Cardona, P. J., Peters, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this matter from petitioner's institutional records.