■ In the Matter of Shon D. Johnson, Petitioner, v Philip J. Coombe, as Commissioner of New York State Department of Correctional Services, et al., Respondents. [707 NYS2d 251] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, challenges a tier III hearing finding him guilty of conspiring to escape. The evidence upon which the Hearing Officer relied included the misbehavior report, the testimony, as well as the confidential testimony, of the investigator who authored the misbehavior report and a comparison of the handwriting in the letter found detailing the plan to escape and petitioner's guidance folder.

Petitioner contends that the determination is not supported by substantial evidence because there was no forensic analysis of the handwriting samples to prove that he wrote the letter. Contrary to petitioner's contention, the evidence relied upon provided substantial evidence of petitioner's guilt. It is well established that "the trier of fact (here, the Hearing Officer) may make his or her own comparison of handwriting samples in the absence of expert testimony on the subject" (*Matter of Smith v Coughlin,* 198 AD2d 726; *see, Matter of Maldonado v Goord,* 270 AD2d 742; *Matter of Thomas v Coughlin,* 145 AD2d 695, 696). "Thus, the handwriting samples alone * * * can form the basis for a determination of guilt * * * if there are

sufficient similarities between the two to comprise substantial evidence that they were written by the same person" (*Matter of Smith v Coughlin, supra*, at 726). Petitioner's remaining claims, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Crew III, J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.