■ In the Matter of PAUL BETANCES, Petitioner, v LUCIEN J. LECLAIRE, JR., as Commissioner of Correctional Services, Respondent. [849 NYS2d 352]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Wyoming Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

After it was discovered that petitioner was not in possession of his razor, he was charged in a misbehavior report with loss of state property. A tier II disciplinary hearing ensued, at the conclusion of which petitioner was found guilty as charged. The penalty imposed was 30 days of keeplock, which was deferred for 90 days, along with 30 days of loss of recreation, packages, commissary and telephone privileges. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We annul the determination. The misbehavior report alleges that a routine daily cube frisk failed to locate petitioner's razor. Petitioner's response to the correction officer conducting the cube frisk was that he was not issued a razor when he was transferred to Wyoming Correctional Facility the day before. Petitioner was the only witness to testify at the cursory disciplinary hearing, stating again that he was not issued a razor upon his arrival at the facility. The Hearing Officer adjourned the hearing briefly to attempt to locate the officer who processed petitioner into the facility, but was unsuccessful

and concluded the hearing. Conspicuously absent from this record is any evidence that petitioner was, in fact, issued a razor. The misbehavior report is silent with respect to whether petitioner was issued a razor, no "razor issue log" was presented at the hearing (*Matter of Harris v Fletcher*, 30 AD3d 948, 948 [2006]), and there is no other "sufficiently relevant and probative" hearsay (*People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]) set forth in the record to suggest that petitioner was issued a razor. Consequently, we conclude that the determination is not supported by substantial evidence and must be annulled (*see Matter of Garcia v Selsky*, 266 AD2d 772, 774 [1999]).

Cardona, P.J., Peters, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.