■ In the Matter of Anthony DeVivo, Petitioner, v Donald Selsky, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [860 NYS2d 239]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Facility personnel received an anonymous letter detailing a

---

planned prison escape, and a subsequent investigation led personnel to conclude that petitioner authored the letter, which petitioner denied. Petitioner thereafter was charged in a misbehavior report with violating the prison disciplinary rules that prohibit engaging in conduct that is detrimental to the order of the facility and making false statements. Following a tier III disciplinary hearing, petitioner was found guilty and a penalty was imposed. Petitioner's administrative appeal proved unsuccessful, prompting him to commence this proceeding pursuant to CPLR article 78 to annul respondent's determination.

Of the various arguments raised by petitioner, only his substantial evidence claim warrants discussion. To be sure, both the correction officer who authored the misbehavior report and the Hearing Officer, the latter of whom was authorized to and did in fact make an independent assessment of the seized letter and petitioner's handwriting samples (*see Matter of Hood v Goord*, 36 AD3d 1064, 1065 [2007]; *Matter of Johnson v Coombe*, 271 AD2d 780, 780-781 [2000]), concluded that petitioner wrote the letter outlining the escape, and petitioner acknowledged that certain similarities were present. However, the letter at issue was written in cursive, and all of petitioner's handwriting samples were printed except for those portions bearing his signature.* Indeed, the Hearing Officer acknowledged that petitioner "do[es] not write in cursive." In our view, the 10 letters contained in petitioner's signature are insufficient in both number and distinct characteristics to permit a meaningful comparison between petitioner's handwriting and the seized letter. Accordingly, we agree with petitioner that the determination of guilt is not supported by substantial evidence. In light of this conclusion, we need not reach the remaining arguments raised by petitioner. Were we to do so, we would find such contentions to be either unpreserved for our review or lacking in merit.

Mercure, J.P., Carpinello, Rose, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record and restore any loss of good time.

 ---

* As the Hearing Officer stated, "For the record, basically all I have to use in comparison is a signature because everything else [is] printed."