■ In the Matter of DONTE GERMAN, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 671]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this proceeding to challenge a determination finding him guilty of violating the prison disciplinary rule that prohibits possession of gang-related material. A correction sergeant wrote in the misbehavior report that a correction officer confiscated photos, a Bible and other various papers upon searching petitioner's property when he was being transferred from a different facility. According to the report, these documents contained gang references and personal information on known gang members. Petitioner submitted into evidence a personal property transfer form that was signed by the searching correction officer—the same officer who allegedly confiscated the materials and gave them to the author of the misbehavior report—on the same day that the misbehavior report was written. That form was blank on the line for listing religious books, such as a Bible or Koran.

While hearsay is admissible and may constitute substantial

evidence of guilt in the prison discipline context, the evidence must be relevant and probative and the charge must be " 'supported by the kind of evidence on which responsible persons are accustomed to rely in serious affairs' " (*People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985], quoting *National Labor Relations Bd. v Remington Rand*, 94 F2d 862, 873 [1938], *cert denied* 304 US 576 [1938]). Here, the hearsay misbehavior report was at odds with the hearsay property transfer form, providing inconsistent information being attributed to the same individual. Additionally, petitioner testified that the material did not belong to him, and explained that he would not own a Bible because he is under the Nation of Islam. The record does not contain substantial evidence to support the charge, as responsible people would not rely on the contradictory hearsay information as proof that petitioner possessed the offending materials (*see Matter of Shannon v Fischer*, 84 AD3d 1614, 1615 [2011]; *Matter of Betances v Leclaire*, 47 AD3d 1044, 1044-1045 [2008]).

Peters, P.J., Lahtinen, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.